

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PABBAN DEVELOPMENT, INC.,

           Plaintiff - Appellee,

v.

KYPHON SARL AND MEDTRONIC, INC.,

           Defendants - Appellants.

No. 14-56465, 14-56696

D.C. No. 8:10-cv-533-BRO-RNB

**ORDER**

Before: BYBEE and TASHIMA, Circuit Judges, and ZIPPS,* District Judge.

    The Memorandum Disposition filed November 16, 2016 and appearing at

2016 WL 6777337 (9th Cir. 2016) is hereby WITHDRAWN.  The attached

Memorandum Disposition replacing the previous Memorandum Disposition shall

be filed simultaneously with this order.

      *The Honorable Jennifer G. Zipps, United States District Judge for the District
of Arizona, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PABBAN DEVELOPMENT, INC.; BIO MEDICAL, INC.; BIO MEDICAL DEVICES INTERNATIONAL, INC.; HARRY N. HERBERT; <br><br> Plaintiffs-counter-defendants-Appellees, <br><br> v. <br><br> KYPHON SARL, <br><br> Defendant-counter-claimant-Appellant. | No.  14-56465, 14-56696 <br><br> D.C. No. 8:10-cv-00533-BRO-RNB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted August 31, 2016
Pasadena, California

Before:  TASHIMA and BYBEE, Circuit Judges, and ZIPPS,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

Appellant Kyphon Sarl ("Kyphon") appeals a jury verdict in favor of Pabban Development, Inc. (Pabban). The action arises from a dispute between the parties regarding Kyphon's purchase of a medical device, the Natrix System, from Pabban. Kyphon claimed the Natrix System was defective and refused to continue its payments to Pabban. Pabban filed an action against Kyphon in Orange County Superior Court in March 2010; the action was removed to federal district court pursuant to 28 U.S.C. §§ 1331 and 1441. The parties alleged cross-claims for breach of contract / breach of warranty. The jury found that Kyphon breached its purchase contract with Pabban, but that Pabban did not breach its warranty of merchantability to Kyphon. Kyphon argues on appeal that the district court erroneously denied Kyphon's motions for judgment as a matter of law, erroneously denied Kyphon's motion for new trial, improperly instructed the jury regarding the warranty provisions of the contract, and improperly awarded attorney's fees to Pabban. We affirm.

The district court's interpretation of the term "knowledge" in Section 3.16 of the parties' Asset Purchase Agreement (APA) was not legally erroneous such that Kyphon is entitled to judgment as a matter of law or a new trial. The district court interpreted the APA's warranty of merchantability to apply if none of Pabban's key personnel were in possession of any knowledge that the Natrix System was not

2

of good enough quality to be sold. The district court's jury instruction on the issue of knowledge relied on its February 14, 2014 interpretation of the APA. In its August 8, 2014 Order denying Kyphon's renewed motion for judgment as a matter of law and motion for new trial, the district court relied on its February 14, 2014 minute entry and jury instruction, in concluding that there was sufficient evidence to support the jury's verdict.

The district court's interpretations of the APA in the February 14, 2014 minute entry, the jury instruction and the August 8, 2014 Order were consistent with each other and were not contrary to Delaware law. Kyphon's argument that, under Delaware law, the warranty is only satisfied when all three key personnel possess affirmative knowledge that the product is of good enough quality to be sold, is not supported by applicable law and is contrary to the holdings in Price Automotive Group v. Dannemann, 2002 WL 31260007, *7 (Del. Super. Ct. Sept. 25, 2002) and Cent. Mortgage Co. v. Morgan Stanley Mortgage Capital Holdings LLC, 2012 WL 3201139, at *9 n.69 (Del. Ch. Aug. 7, 2012). The district court's interpretation of the "knowledge" term does not render contractual warranties worthless by permitting warrantors to purposefully remain uninformed about defects in the product. The law provides a protection against that outcome in the form of a party's ability to request a jury instruction on this "ostrich approach" if

3

evidence suggests that the seller deliberately avoided knowledge that the product was not merchantable. See DCV Holdings, Inc. v. Conagra, Inc., 2005 WL 698133, at *10–12 (Del. Super. Mar. 24, 2005), *aff'd*, 889 A.2d 954 (Del. 2005). For these reasons, the district court's jury instruction did not unfairly place the burden on Kyphon to affirmatively prove that Herbert, Green, and Stark affirmatively knew that the Natrix System was not of good enough quality to be sold. Because there was no legal error in the district court's interpretation of the term "knowledge" in Section 3.16 of the APA, Kyphon is not entitled to reversal of the district court's denial of Kyphon's first motion for judgment as a matter of law or the district court's denial of Kyphon's renewed motion for judgment as a matter of law, alternatively motion for a new trial, on this ground.

Kyphon is not entitled to judgment as a matter of law or a new trial based on its claim that insufficient evidence supported the jury's verdict. Kyphon contends that, even if the district court correctly interpreted Section 3.16's warranty of merchantability to apply if none of Pabban's key personnel were in possession of any knowledge that the Natrix System was not of good enough quality to be sold, the evidence at trial was insufficient to demonstrate that Pabban complied with its warranty obligations. As a threshold matter, this claim by Kyphon presents a separate challenge to the district court's interpretation of the warranty of

4

merchantability in its August 8, 2014 Order. According to Kyphon, the term "of merchantable quality," which the district court defined in its February 14, 2014 minute entry to mean "of good enough quality to be sold," should be further interpreted to mean "of good enough quality to be sold commercially to Kyphon's customers, ie. physicians."

The district court was not confronted with the issue of who the Natrix System was being sold to within the meaning of the APA until Kyphon filed its renewed motion for judgment as a matter of law, and alternatively motion for a new trial. The district court properly concluded that there is a difference between the quality of a product and its "commerciability" and that in Section 3.16, Pabban was warrantying that the Natrix System was of good enough quality to be sold by Pabban to Kyphon, not that the Natrix System was of good enough quality to be sold on the open market. This interpretation is logical in light of the uncontroverted evidence regarding the Natrix System's developmental stage at the time the APA was signed. It appears undisputed that both parties knew at closing that the Natrix System could not be sold commercially to physicians until all validations, including packaging validations, were obtained. Because both parties also knew at closing that Kyphon did not yet have packaging validation for the

Natrix System, Pabban would have been in immediate breach of the warranty under Kyphon's proposed interpretation, regardless of any leaks in the saline bags.

Court will only reverse the district court's decisions if it finds that the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. Because the district court properly interpreted "of good enough quality to be sold" to mean "of good enough quality to be sold by Pabban to Kyphon," Kyphon is without any argument that the evidence compelled a different verdict. When the evidence is viewed in the light most favorable to Pabban, the jury was presented with sufficient evidence from which it could conclude that Pabban's key personnel had no actual knowledge that the saline bags were leaking due to an inherent defect in the Natrix System – as opposed to a packaging issue – such that the Natrix System was not fit for sale by Pabban to Kyphon. Similarly, Kyphon has failed to demonstrate that the district court's denial of Kyphon's alternative motion for a new trial was an abuse of discretion. The jury's verdict was not against the clear weight of the evidence such that the district court should have granted a new trial. See Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir.

6

Finally, the district court did not err in granting Pabban's post-trial motion for attorney's fees. Pabban was not required to submit evidence of its fees to the jury pursuant to Rule 54(d). Fed. R. Civ. P. Rule 54(d)(2) provides: "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Kyphon did not demonstrate that Delaware law – the substantive law governing the parties' contract – requires attorney's fees awarded pursuant to a fee-shifting provision of a contract to be proven at trial as an element of damages. Although Delaware courts have not directly addressed this issue, case law suggests that attorney's fees awarded pursuant to a fee-shifting provision of a contract may be proven in a post-trial motion for fees, separate and apart from damages proven at trial. See, e.g., Vigortone Ag Prod., Inc. v. PM Ag Prod., Inc., 2004 WL 1899882 (N.D. Ill. Aug. 12, 2004) (applying Delaware law to a post-trial motion for attorneys' fees pursuant to Rule 54(d), Fed. R. Civ. P.); 2009 Caiola Family Trust v. PWA, LLC, 2015 WL 6007596, at *34 (Del. Ch. Oct. 14, 2015) (directing prevailing party to file post-trial documentation of fees following bench trial); SIGA Techs., Inc. v. PharmAthene, Inc., 67 A.3d 330, 353 (Del. 2013) (citing Mahani v. Edix Media Grp., Inc., 935 A.2d 242 (Del. 2007) for the proposition that "Delaware law dictates that, in fee shifting cases, a judge determine whether the

7

fees requested are reasonable."). In light of Kyphon's failure to support its argument with applicable law, and given the case law which contradicts Kyphon's argument, we cannot conclude that the district court's award of attorney's fees in this case was based on legal error.

We do not consider Kyphon's argument, raised for the first time on appeal, that the indemnification provision of the APA did not permit an award of fees. See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir. 1985) (appellate court will not review an issue not raised in the district court unless necessary to prevent manifest injustice).

**AFFIRMED**