Parham MAHANI, Defendant
Below, Appellant,

v.

EDIX MEDIA GROUP, INC., a
Delaware corporation, Plaintiff
Below, Appellee.

No. 91, 2007.

Supreme Court of Delaware.

Submitted: July 11, 2007.
Decided: Sept. 4, 2007.

Joseph M. Bernstein, Wilmington, Delaware, for appellant.

Matthew F. Boyer, Timothy M. Holly (argued), and Brian M. Gottesman, Connolly Bove Lodge & Hutz L.L.P., Wilmington, Delaware, for appellee.

STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

STEELE, Chief Justice.

Defendant-appellant Parham Mahani appeals the Court of Chancery's decision to award EDIX the full amount of the attorneys' fees and other expenses it incurred when it enforced a confidentiality and non-competition agreement with Mahani. Mahani argues that the Chancellor erred when he interpreted the fee shifting provision literally and awarded EDIX the full amount of the fees and expenses instead of a reduced amount based on the reasonableness of the fees. Specifically, Mahani contends that the award should reflect EDIX's limited trial success and take into account the excessive time EDIX devoted to the litigation.

We affirm the Chancellor's decision to award EDIX the full amount of its attorneys' fees and other expenses because the Chancellor properly weighed all the factors listed in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct. In weighing the factors listed in DLRPC 1.5(a), the Chancellor correctly refused to give primary weight to EDIX's limited trial success. The Chancellor also concluded that Mahani's refusal to cooperate at every stage of the proceedings outweighed EDIX's limited trial success and contributed significantly to the excessive number of hours EDIX spent litigating the case. Accordingly, we AFFIRM the Chancellor's decision to award EDIX the full amount of its attorneys' fees and other expenses.

## FACTS

Plaintiff-appellee, EDIX Media Group, Inc., publishes a car modification magazine called *StreetTrenz,* and derives revenue from the sale of magazine subscriptions and advertising space. In the summer of 2004, EDIX hired Defendant-appellant,

Parham Mahani, primarily to sell advertising space for *StreetTrenz* and related websites. As a condition of his employment, Mahani executed a confidentiality and non-competition agreement. The Agreement contained the following fee shifting provision:

> Covenantor [Mahani] expressly agrees to indemnify and hold harmless Corporation [EDIX], its officers, directors, agents and other employees from any and all loss, damage, expense or cost (including attorneys fees and disbursements attendant thereto) arising out of or in any way connected with the enforcement of this Agreement, the breach of any duty, obligation, representation, warranty and/or covenant herein contained....

On May 14, 2006, EDIX fired Mahani for allegedly making false representations to Sony Electronic, Inc. while conducting business on EDIX's behalf.

On May 21, 2006, Mahani sent e-mails to EDIX's advertisers in which Mahani asserted that EDIX "inflated membership numbers and web traffic statistics," "provided advertising rates paid by various customers" and "supposedly released all advertisers from their contracts and any payments still due on their accounts." [1] As a result of Mahani's e-mails, many of *StreetTrenz's* advertisers contacted EDIX seeking an explanation and some advertisers cancelled their ad contracts. On May 26, 2006, EDIX filed suit against Mahani in the Court of Chancery for disclosing its proprietary information and obtained a Temporary Restraining Order that enjoined Mahani from further disclosing confidential information and from contacting certain individuals, *inter alia.*

On June 6, 2006, in contempt of the Chancellor's order, Mahani sent an anonymous e-mail to EDIX's advertisers that "not only disparaged *StreetTrenz's* ability to provide value for an advertising dollar and revealed rates that EDIX had supposedly charged to different customers, but also described the membership program as a 'scam.' "[2]

On November 13, 2006, after a three day trial, the Chancellor held that Mahani breached the Agreement when he disclosed confidential information regarding EDIX's "financial data, ... invoices and other financial statements, ... customers, ... employee salaries, ... names, addresses or any other compilation of information written or unwritten which is used in [EDIX's] business." [3] The Chancellor also held that Mahani misappropriated a trade secret when he disclosed to EDIX's advertisers the rates that each advertiser had paid for an advertisement in *StreetTrenz.* Furthermore, the Chancellor held that EDIX was entitled to recover the full amount of the attorneys' fees and other costs it incurred enforcing the Agreement, pursuant to the Agreement's fee shifting provision. Mahani objected to EDIX's award of the full amount of attorneys' fees and other expenses and argued that "the award should reflect the fact that [EDIX] was only partially successful in prosecuting its case, and that [EDIX]'s counsel dedicated an excessive number of attorney hours to the litigation." The Chancellor, however, disagreed and upheld the award.[4]

1. *EDIX Media Group, Inc. v. Mahani,* 2006 WL 3742595, at *3, 2006 Del.Ch. LEXIS 207, at *9 (Dec. 12, 2006).

2. *Id.* at *3, 2006 Del.Ch. LEXIS 207, at *10.

3. *Id.* at *5, 2006 Del.Ch. LEXIS 207 *18.

4. *EDIX Media Group, Inc. v. Mahani,* 2007 WL 417208 at *1, 2007 Del.Ch. LEXIS 17, at *2 (Jan. 25, 2007).

Of its claim for $45,000, the Chancellor awarded EDIX $16,500.06 in damages for Mahani's breach of the Agreement and misappropriation of a trade secret.[5] The Chancellor also awarded EDIX $103,454.50 for attorneys' fees and $6,184.28 for other expenses.

On appeal, Mahani argues that the Chancellor erred when he awarded EDIX the full amount of its attorneys' fees and other expenses. Mahani contends that the Chancellor should not have interpreted the fee shifting provision literally, but, instead, should have assessed the reasonableness of the fees and expenses and awarded EDIX a reduced amount based on that assessment. Specifically, Mahani asserts that the Chancellor should have weighed the "factors identified in Rule 1.5(a) of the Delaware Lawyers' Rule of Professional Conduct and existing case law" and determined that the fees and expenses were unreasonable because EDIX had limited success in litigating the Agreement and devoted an excessive number of hours to litigating the Agreement.

In response, EDIX contends that the Chancellor properly weighed all the DLRPC Rule 1.5(a) factors and existing case law and determined that the fees and expenses were reasonable. Specifically, EDIX asserts that the Chancellor correct-ly found that the fees and expenses were reasonable considering Mahani's responsibility for the increased cost of litigation.

## DISCUSSION

■ We review a judge's decision to award attorneys' fees for abuse of discretion.[6] "When an act of judicial discretion is under review, the reviewing court may not substitute its own notions of what is right for those of the trial judge, if his judgment was based upon conscience and reason, as opposed to capriciousness or arbitrariness."[7] Thus, to prevail on this appeal, Mahani must establish either that the Chancellor failed to assess the reasonableness of the fees and expenses or that his determination that the fees and expenses were reasonable was capricious or arbitrary.

■ Under the American Rule and Delaware law, litigants are normally responsible for paying their own litigation costs.[8] An exception to this rule is found in contract litigation that involves a fee shifting provision.[9] In these cases, a trial judge may award the prevailing party all of the costs it incurred during litigation.[10] Delaware law dictates that, in fee shifting cases, a judge determine whether the fees requested are reasonable.[11] To assess a

5. The Chancellor ruled that EDIX was entitled to an award of $14,500 in compensatory damages, $2,000 in exemplary damages, and six cents in nominal damages. *EDIX*, 2006 WL 3742595, at *15, 2006 Del.Ch. LEXIS 207, at *62.

6. *Tekstrom, Inc. v. Savla*, 2007 WL 328836, at *6 (Del.Supr., Feb. 5, 2007).

7. *Dover Historical Soc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1089 (Del.2006) (quoting *Chavin v. Cope*, 243 A.2d 694, 695 (Del.1968)).

8. *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del.1966) ("a litigant must, himself, defray the cost of being represented by counsel.").

9. *See All Pro Maids, Inc. v. Layton*, 2004 WL 1878784, *12–13, 2004 Del.Ch. LEXIS 116, *48–*49 (holding a fee shifting provision in a non-competition agreement enforceable).

10. *See Id.*

11. *See* Del. Lawyers' Rules of Prof'l Conduct R. 1.5(a)(1)(a), which provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

fee's reasonableness, case law[12] directs a judge to consider the factors set forth in the Delaware Lawyers' Rules of Professional Conduct, which, include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.[13]

### Chancellor's Assessment of the Fees' Reasonableness

■ On appeal, Mahani does not challenge the fee shifting provision itself, but rather argues that the Chancellor did not assess the reasonableness of the fees and expenses as required by Delaware law. Mahani contends that the Chancellor's decision to enforce the fee shifting provision of the Agreement "makes it clear that the court abdicated any role in determining whether the fee was a 'reasonable fee[.]' "

EDIX argues that the Chancellor assessed the reasonableness of the attorneys' fees and expenses. EDIX contends that the Chancellor "did not place exclusive weight on DLRPC 1.5(a)(4), but rather ... place[d] 'considerable weight' on other factors including '[t]he time and labor required to carry a case to trial.' "[14]

The language of the Chancellor's opinion illustrates that the Chancellor weighed several factors when he assessed the reasonableness of the fees and expenses, and decided not to award the fees and expenses exactly in "proportion to [EDIX]'s success on the merits" and not to reduce EDIX's award because EDIX vigorously pursued its contractual rights.[15] In particular, the Chancellor found that Mahani's conduct leading up to and during trial outweighed EDIX's limited trial success and justified the award of the full amount of EDIX's attorneys' fees and other expenses. The record demonstrates that the Chancellor assessment of the reasonableness of EDIX's attorneys' fees and expenses was carefully considered, based on facts in the record, and was neither arbitrary or capricious as a result.

### Reasonableness of EDIX's Attorneys' Fees and Other Expenses

■ Mahani further argues that EDIX's award for attorneys' fees and other expenses was not reasonable because it neither reflected EDIX's limited trial success nor accounted for the excessive time EDIX devoted to litigation. Mahani contends that EDIX's limited trial success should have been the Chancellor's *primary consideration* when he assessed the reasonableness of the fees and expenses. To

---

12. See, e.g., *All Pro Maids, Inc. v. Layton,* 2004 WL 1878784, at *1, 2004 Del.Ch. LEXIS 116, at *3 (Aug. 9, 2004).

13. Del. Lawyers' Rules of Prof'l Conduct R. 1.5(a)(1).

14. *EDIX,* 2007 WL 417208 at *2, 2007 Del. Ch. LEXIS 17, at *5.

15. *Id.,* at *1, 2007 Del.Ch. LEXIS 17 at *3.

support this argument, Mahani cites *Farrar v. Hobby*,[16] *Hensley v. Eckerhart*[17] and *Fasciana v. Elec. Data Sys. Corp.*,[18] which are statutory fee shifting cases in which the United States Supreme Court and the Court of Chancery, respectively, emphasized that the result obtained in the litigation in comparison to the amount sought should be the primary consideration in determining the reasonableness of an award of attorneys' fees. Mahani maintains that the fees and expenses do not reflect EDIX's limited trial success because the Chancellor awarded EDIX only a portion of its claim for damages, but the full amount of its attorneys' fees and other expenses.

EDIX argues that the award was reasonable and contends that the Chancellor properly refused to give primary weight to its limited trial success and considered *all the factors* listed in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct and their relatively relationship when he assessed the reasonableness of its attorneys' fees and other expenses. EDIX cites *Comrie v. Enterasys Networks, Inc.* to support its argument.[19] In *Comrie,* the Court of Chancery held that a plaintiff's limited trial success is not the critical factor in determining the reasonableness of his attorneys' fees and other expenses in a contractual fee shifting case.[20]

Mahani argues that we also should reduce the award to account for the excessive time EDIX devoted to litigating the case. Mahani contends that the 430 hours that a member of EDIX's counsel, billed were excessive because the case was not complex. Mahani concedes that he was

responsible for delaying the trial because he changed his attorney, but asserts that the delay did not account for "the extraordinary number of hours that [EDIX's counsel] devoted to th[e] case."

EDIX responds that its attorneys' fees were reasonable because Mahani was intransigent throughout the case. EDIX points to the fact that Mahani contested at least one allegation in every count of the complaint, denied authorship of the anonymous e-mails, changed attorneys and violated several procedural rules. EDIX maintains that these considerations justified the 430 hours that its counsel devoted to the case.

To assess the reasonableness of EDIX's award for attorneys' fees and other expenses, we consider the factors "identified in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct and [relevant] case law."[21] DLRPC Rule 1.5(a)(1) states that a court shall consider "the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly." DLRPC Rule 1.5(a)(4) states that a court shall consider "the amount involved and the results obtained." Finally, a court also should consider whether the number of hours devoted to litigation was "excessive, redundant, duplicative or otherwise unnecessary."[22]

The Chancellor properly refused to give primary weight to EDIX's limited trial success and considered all the factors listed in DLRPC 1.5(a) when he assessed the reasonableness of EDIX's award of attorneys' fees and other expenses. The *Com-*

16. *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

17. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

18. *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 178, 185 (Del.Ch.2003).

19. *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505 (Del.Ch.Apr. 27, 2004).

20. *Id.*, 2004 WL 936505 at *3, (Del.Ch. April 27, 2004) at *3.

21. *All Pro Maids*, 2004 WL 3029869, at *5, 2004 Del.Ch. LEXIS 192, at *15; *See Richmont Capital Ptnrs. I, L.P. v. J.R. Inv. Corp.*, 2004 WL 1152295, at *3, 2004 Del.Ch. LEXIS 73, at *10.

22. *All Pro Maids, Inc. v. Layton*, 2004 WL 3029869, *5, 2004 Del.Ch. LEXIS 192, *16.

*rie* court held that the reasonableness of attorneys' fees and other expenses in a contractual fee shifting case "should be assessed by reference to legal services purchased by those fees, not by reference to the degree of success achieved in the litigation." [23] The cases Mahani cites are inapposite because they are statutory fee shifting cases, in which the court awarded the prevailing parties' attorneys' fees and expenses in proportion to their success as an incentive for other attorneys to prosecute cases that enforce legislative goals.

EDIX's award for the full amount of its attorneys' fees and other expenses cannot be considered unreasonable because the Chancellor properly weighed all the factors in DLRPC 1.5(a). The Chancellor, we believe, correctly concluded that "[t]he amount involved in litigation and results obtained [were] only two of many factors to be considered," [24] and, indeed, he placed considerable weight on the time and labor necessary for EDIX to prepare the case for trial. The Chancellor found that Mahani's refusal to cooperate at every stage of the proceedings outweighed EDIX's limited trial success and heavily contributed to the total number of hours EDIX spent litigating the case. Specifically, the Chancellor suggested that it would be inequitable to deny EDIX the full amount of its attorneys' fees and other expenses since Mahani was responsible for inflating those fees and expenses. Thus, we hold that the Chancellor did not abuse his discretion when he found that EDIX's award for the full amount of its attorneys' fees and expenses was reasonable.

### CONCLUSION

Because we find that the Chancellor adequately assessed the reasonableness of EDIX's attorneys' fees and expenses, and because we find that the fees and expenses themselves were reasonable under the circumstances, we, hereby, AFFIRM the Court of Chancery's judgment that awarded EDIX the full amount of its attorney's fees and other expenses.

**23.** *Comrie*, 2004 WL 936505 at *3, (Del.Ch. April 27, 2004),at *3.

The court in *Comrie* awarded the plaintiffs $1,302,991 in damages and $503,057.03 for attorneys' fees and other expenses. In this case, EDIX's attorneys' fees and other expenses of $109,638.78 are more than its damages of $16,500.06. *Comrie*, however, remains applicable here because there is no law that stipulates that the amount of the prevailing party's attorneys' fees and other expenses awarded pursuant to a contractual fee provision must be less than or in proportion to the amount of its award for damages. The Chancellor addressed this issue in his opinion, suggesting that a party that prevails at trial may collect the full amount of its attorneys' fees and expenses from the losing party if the losing party contracted to reimburse the prevailing party for those expenses, no matter what the amount of those expenses: "A private party possessed of contractual rights may pursue those rights vigorously even if, as here, they are ultimately only partially successful. If the contract includes reimbursement of expenses necessary to enforce those rights, then such expenses may be awarded."

**24.** *EDIX*, 2007 WL 417208 at *2, 2007 Del. Ch. LEXIS 17, at *5.