**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

DONALD F. PARSONS, JR.
    VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted:  April 3, 2014
Date Decided:  June 27, 2014

Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801

Christopher A. Selzer, Esq.
McCarter & English, LLP
405 N. King Street, 8th Floor
P.O. Box 111
Wilmington, DE 19899-0111

RE:    *Wayman Fire Protection, Inc. v. Premium Fire & Security, LLC*
        Civil Action No. 7866-VCP

Dear Counsel:

On March 5, 2014, I issued a Post-Trial Opinion setting forth my findings of

fact and conclusions of law in this litigation.  For the reasons set forth in the Post-

Trial Opinion, I concluded, among other things, that all Defendants[1] were jointly

---

[1]    My ruling, however, did not apply to Defendant Premium Power Services, LLC ("Premium Power"), who Plaintiff failed to prove was liable for any of its causes of action. *Wayman Fire Prot., Inc. v. Premium Fire & Sec., LLC,* [hereinafter, "*Post-Trial Op.*"]*,* 2014 WL 897223, at *9 (Del. Ch. Mar. 5, 2014).  As in the Post-Trial Opinion, all references to "Defendants" in this Letter Opinion are exclusive of Premium Power.  Unless indicated otherwise, all defined terms have the same meaning as they did in the Post-Trial Opinion.

and severally liable under Delaware's Misuse of Computer System Information Act[2] (the "Computer Misuse Act" or the "Act") for procuring and utilizing impermissibly certain of Wayman's computer files. Pursuant to 11 *Del. C.* § 941, which sets out remedies available for violations of the Computer Misuse Act, the relief I awarded Wayman under the Act included "35% of the attorneys' fees and expenses it reasonably incurred in this litigation, net of the attorneys' fees and expenses I award[ed] . . . for Defendants' contempt as to the Preliminary Injunction order."[3]

On March 19, 2014, counsel for Wayman submitted a proposed form of final order and judgment. The proposed order requested an award of $17,300 for nominal damages under 11 *Del. C.* § 941(b), $69,716.25 for unjust enrichment under Section 941(c),[4] and attorneys' fees and costs of $374,128.12 under Section 941(e). By letter filed on April 2, 2014, Defendants seek a reduction in the amount

---

[2]     11 *Del. C.* §§ 931 to 941.

[3]     *Post-Trial Op.*, 2014 WL 897223, at *31.

[4]     Wayman also requested an award of $67,190.41 in expenses for its retention of Digital Legal Services and Cornerstone Legal Consulting, LLC under Section 941(c). I discuss this aspect of Wayman's proposed order further *infra*.

of Wayman's requested attorneys' fees and costs on the principal grounds that the proposed amounts are disproportionate to the actual amount of money that was at issue and the results that Wayman obtained.

For the following reasons, I conclude that the amount Wayman requests in attorneys' fees and costs under 11 *Del. C.* § 941(e) is unreasonable, primarily because the amount sought is disproportionate to the result Wayman achieved after trial.[5] Therefore, in the exercise of my discretion, I reduce that amount by

---

[5] To the extent Defendants objected to the amount of reimbursement Plaintiff requested for the expenses associated with Digital Legal or Cornerstone Legal Consulting, LLC, those objections are overruled. I consider the work of those consultants important to this litigation and the amount sought to be reasonable. Moreover, I note that, generally speaking, it is reasonable to infer that fees and expenses associated with computer consultants or experts likely will constitute a significant portion of the reasonable fees and expenses a plaintiff incurs in the course of prosecuting a computer misuse claim such as the one in this dispute. The other major component of those fees and expenses likely will be attorneys' fees. Because in the Post-Trial Opinion I essentially awarded Wayman the entirety of the fees and expenses it incurred in connection with its retention of computer experts and the fees and expenses for computer experts attributable to the computer misuse claim would be subsumed within that amount, Wayman already will be reimbursed sufficiently for that aspect of his expenses and damages under the Act. Therefore, this Letter Opinion focuses on the other important component of Wayman's reasonable computer fees and expenses, its computer misuse-related attorneys' fees.

$174,128.12,[6] and I award Wayman attorneys' fees and costs in this matter in the amount of $200,000.

It is "settled Delaware law" that a court must consider the factors stated in Delaware Lawyers' Rule of Professional Conduct ("DLRPC") 1.5 in deciding the reasonableness of attorneys' fees.[7] The factors identified in Rule 1.5(a) that are relevant to this dispute include:

> (1)    the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (3)    the fee customarily charged in the locality for similar legal services;
>
> (4)    the amount involved and the results obtained; and
>
> (7)    the experience, reputation, and ability of the lawyer or lawyers performing the services.

Defendants do not argue seriously that the amount of attorneys' fees and costs Plaintiff seeks for violation of the Computer Misuse Act is unreasonable

---

[6]    *See Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1255 (Del. 2012) ("The determination of any attorney fee award is a matter within the sound judicial discretion of the Court of Chancery.").

[7]    *Concord Steel, Inc. v. Wilm. Steel Processing Co.*, 2010 WL 571934, at *3 (Del. Ch. Feb. 5, 2010) (citing *Mahani v. Edix Media Gp., Inc.,* 935 A.2d 242, 245-46 (Del. 2007)).

based on DLRPC 1.5(a)(3) or (7). Instead, they contend that the time and labor Wayman's counsel needed to spend to prove Wayman's computer misuse claim was minimal, and that the proposed award of attorneys' fees and costs associated with the computer misuse claim is disproportionate to the results Wayman achieved after trial. Because these two arguments of Defendants are interrelated, I address them together.

In post-trial briefing, Wayman sought an award of 80% of its reasonable attorneys' fees and costs under Section 941(e). In the Post-Trial Opinion, I rejected this request as excessive, based on, among other things, the "shot-gun" approach that Wayman used in this litigation, which caused both sides to spend significant time investigating claims that proved to be without merit. Although I reduced Plaintiff's request for an award of 80% of its general attorneys' fees and expenses to 35%, I also recognized that the attorneys' fees and expenses probably would constitute the majority of the monetary relief Wayman obtained in this litigation. At the time, however, there was no record evidence indicating how much money Wayman had spent in attorneys' fees and expenses.

According to the proposed final order and judgment that Wayman submitted thereafter, the amount of attorneys' fees and expenses I authorized in the Post-Trial Opinion (*i.e.*, net 35%) equates to $374,128.12, or over *four times* the amount I awarded to Wayman under Sections 941(b) and (c) of the Computer Misuse Act as nominal damages and damages related to Defendants' unjust enrichment. Based on the results Wayman actually obtained, I consider the requested attorneys' fees and expenses to be disproportionate and unreasonable.[8] That is particularly true in this litigation, where Wayman's considerable legal expenses, in large part, were attributable to its chosen litigation strategy of investigating and ultimately bringing a large number of claims and the "half-hearted" and "careless" efforts of the designated Wayman officer to meet the requirements of Court of Chancery Rule 3(aa).[9] I also am not convinced that Wayman's relatively straightforward computer misuse claim reasonably required the expenditure of as much time and resources as the request for almost $375,000 in attorneys' fees reflects. To that extent, therefore, I agree with Defendants that not all of the time and labor

---

[8] Moreover, this Court is not aware of any case law that would compel a different conclusion.

[9] *Post-Trial Op.,* 2014 WL 897223, at *32 (Del. Ch. Mar. 5, 2014).

expended by Wayman's counsel in this case on the computer misuse claim was necessary and that, in any event, the results achieved on that claim do not support an award of nearly $375,000 in attorneys' fees and expenses.

An additional factor that persuades me that it is appropriate to reduce the size of Wayman's attorneys' fees and expenses award is the relative novelty of affording relief in a civil case under Section 941. The Post-Trial Opinion appears to be the first, and thus far only, Delaware decision to rely on Section 941 as a basis for awarding damages of any kind. The authorization for an award of attorneys' fees contained in Section 941(e)[10] reflects the Legislature's intent to allow those who vindicate their rights under the Computer Misuse Act to recover the *reasonable* costs and attorneys' fees they incurred in doing so. As with any fee-shifting provision, however, the potential exists that a party could misuse Section 941(e) as a tactical weapon.[11] Allowing Wayman to recover nearly

---

[10]  The section reads as follows: "[i]n any civil action brought under this section the Court shall award to any aggrieved person who prevails *reasonable* costs and *reasonable* attorneys' fees." 11 *Del. C.* § 941(e) (emphasis added).

[11]  Although Defendants suggest that Wayman improperly used Section 941(e) for tactical purposes in this case, the evidence provides no persuasive basis for concluding that Wayman acted in bad faith or improperly in some other sense. It does appear, however, that the prospect of attorneys' fees under

$375,000 in attorneys' fees and expenses in this litigation when they only succeeded in proving that they suffered less than 25% of that amount in damages would be excessive. I conclude, therefore, that an award of reasonable fees and expenses in these circumstances should be significantly less than the amount Wayman has requested.

Based on all the circumstances here, I award Wayman a total of $200,000 in attorneys' fees and expenses.[12] This sum is well over twice the amount of the nominal and unjust enrichment damages I granted to Wayman based on Defendants' violation of the Computer Misuse Act. The award of $200,000 is still large, but I am convinced it is consistent with the language and purpose of Section 941(e), which is focused on a plaintiff's expenditures to assert its rights under the Computer Misuse Act, rather than on its overall litigation costs.

---

Section 941(e) may have complicated the parties' efforts to settle this dispute. Based on the possibility of such consequences, I consider it important that proportionality in terms of the amount at issue and the results obtained be kept in mind in granting attorneys' fees under Section 941(e).

[12] This is over and above the $67,190.41 in expenses I am awarding to Wayman for the costs it incurred from the two computer consultants, Digital Legal Services and Cornerstone Legal Consulting, LLC.

Finally, I decline Defendants' invitation to conduct an *in camera* review of all of Wayman's counsel's time entries related to this litigation for the purpose of determining more precisely the amount of time counsel actually spent working on the computer misuse claim. As reduced by this ruling, the award of attorneys' fees amounts to approximately 19% of the total attorneys' fees and expenses Wayman allegedly incurred, net of the fees and expenses I awarded Wayman for Defendants' contempt regarding the preliminary injunction order and the fees and expenses I awarded with respect to Digital Legal Services and Cornerstone Legal Consulting, LLC. I have no reason to doubt that Wayman actually incurred those attorneys' fees and costs. In addition, Defendants have not offered any credible basis for their suggestion that Wayman's efforts related to the computer misuse claim were materially less than this 19% figure would imply. Because I have determined that $200,000 is a fair approximation of Wayman's reasonable computer misuse-related attorneys' fees and expenses, and that it would be very difficult to parse individual time entries much more closely, I do not consider it either necessary or helpful to expend this Court's limited resources conducting an *in camera* review of the nature and scope Defendants propose.

The Court hereby approves the "[Proposed] Final Judgment and Order" filed by Wayman on March 19, 2014, subject to its being revised to reflect the ruling in this Letter Opinion and any necessary adjustment to the *per diem* amount of post-judgment interest indicated in Paragraph 10.[13]  Counsel for Wayman shall submit an appropriately revised Proposed Final Judgment and Order within five business days.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp

---

[13]  In addition, counsel for Wayman shall update paragraph 4 of the proposed order to read, "Under 11 *Del. C.* § 941(b) and (c)," rather than "For their violation of 11 *Del. C.* § 941(b)," as it states currently.