**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: April 29, 2020
Date Decided: May 15, 2020

Ashley R. Altschuler, Esq.
Ethan H. Townsend, Esq.
Harrison S. Carpenter, Esq.
Aaron P. Sayers, Esq.
MCDERMOTT WILL & EMERY LLP
The Nemours Building
1007 North Orange Street, 4th Floor
Wilmington, Delaware 19801

Paul J. Lockwood, Esq.
Daniel S. Atlas, Esq.
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

RE: *Nicholas Day v. Diligence, Inc.*
C.A. No: 2020-0076-SG

Dear Counsel:

The entity Defendant ("Diligence") in this action for advancement of legal fees and expenses has objected to the individual Plaintiff's first and second invoices (the "Invoices"). The Invoices total $788,377.52.[1] Certain of the Defendant's objections have been resolved. Remaining is the Defendant's challenge to the reasonableness of the fees and expenses sought by the Plaintiff, and the Plaintiff's own challenge to the timing of payment for advanceable expenses.

---

[1] Def. Diligence Inc.'s Objections to Pl.'s First and Second Invoices, D.I. 11, Ex. A, at 8; Def. Diligence Inc.'s Objections to Pl.'s First and Second Invoices, D.I. 11, Ex. B, at 16.

The Plaintiff, as the party making a fee application, bears the burden of justifying the amounts sought, and must provide "a good faith estimate" of the fees and expenses sought to be approved.[2] "This Court has discretion when determining a reasonable fee award."[3] To assess a fee's reasonableness, I am to consider the factors set forth in the Delaware Lawyers' Rules of Professional Conduct, including "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly" and "the amount involved and the results obtained."[4]

In the substantive action underlying this advancement action, *Diligence v. Day*, 2020-0041-SG, Diligence alleges that Day breached fiduciary duties owed to the entity and pleads millions of dollars in damages related to alleged self-dealing transactions.[5] Diligence seeks an order requiring Day to "disgorge all compensation received as an officer, director or employee of the Company since he began breaching his fiduciary duties," and seeks damages equaling "the full value of potential M&A activity that could have brought value to the stockholders," and Diligence's "fees and expenses incurred in pursuit of this action, including attorneys'

---

[2] *Citadel Hldg. Corp. v. Roven*, 603 A.2d 818, 823–24 (Del. 1992); *Fasciana v. Elec. Data Sys. Corp.*, 829 A.2d 160, 177 (Del. Ch. 2003).

[3] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 995 (Del. Ch. 2012) (citing *Mahani v. EDIX Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).

[4] *Mahani*, 935 A.2d at 245–6; *see* Del. Lawyers' Rules of Prof'l Conduct R. 1.5(a)(1).

[5] *Diligence v. Day*, 2020-0041-SG, Verified Compl., D.I. 1, ¶¶ 91–114.

fees."[6] Plaintiff's counsel, a member of the Delaware bar, has submitted an affidavit stating that "[i]n [his] professional judgment, having reviewed the relevant invoices in detail, all fees and expenses sought by Day pursuant his advancement demand, were reasonably incurred in defense of the [substantive action]."[7] Plaintiff's counsel has also submitted a letter contending that "Day's legal spend . . . is more than commensurate with the dispute Diligence brought."[8]

Upon review of the Invoices, I find that the hourly rate charged by Plaintiff's counsel is reasonable, and there is no suggestion that any amount invoiced does not reflect legal services actually performed. I also find that the amounts are reasonable in light of the damages pled by Diligence in the substantive action. Diligence contends that the main thrust of its complaint against Day is that he purloined an entity belonging equitably to Diligence. It suggests that entity is worth less than the combined fees of Plaintiff's and Defendant's counsel already incurred. It contends that I should deny Day's fees as unreasonable based on the "real" amount at issue, and that if I fail to do so, economic reality may prevent it from seeking justice here. I am aware of the expensive nature of corporate litigation, and sympathetic to Diligence's concerns. However, Diligence has bound itself to Day, via the

---

[6] *Id*. at 31–33.
[7] Letter, D.I. 20, Ex. A, ¶ 2.
[8] Letter, D.I. 20, at 4. I assume that, in using the phrase "more that commensurate," counsel meant to convey that the legal effort was appropriate and that even more effort could be justified in light of the nature of the action.

3

certificate of incorporation, to advance fees, and Diligence framed a complaint putting Day in legal jeopardy for millions of dollars. Diligence's dilemma is, at its base, one common to all plaintiffs; balancing the strength of its case against the cost of litigation. Here, Day has undertaken to repay amounts advanced that prove not amenable to indemnification, as the contested fees will if Diligence prevails in its breach-of-loyalty action.[9] In light of the cost of litigation, and in light of its evaluation of the strength of its case, Diligence must make a business decision on how to proceed. Having said that, I realize that an advancement or fee-shifting provision can cause mischief in litigation among undercapitalized litigants. I urge the Plaintiff to be mindful that I will scrutinize fee applications going forward to limit the effects of any perverse incentive involved here.

For the forgoing reasons, I find the full amount of the fees invoiced reasonable and they must be advanced by Diligence.

For his part, Day has sought an order requiring Diligence to pay future invoices in full no less than 30 days from the date they are submitted by Day to Diligence.[10] Diligence's certificate of incorporation reads, in pertinent part: "any advancement of expenses . . . shall be made promptly, and in any event within sixty (60) days, after the written notice of the director, officer, employee or agent seeking

---

[9] *See* 8 *Del. C.* § 145.
[10] Pl. Nicholas Day's Opp'n to Def.'s Objections to the Reasonableness of Pl.'s Fees, D.I. 12, ¶ 27.

such . . . advancement of expenses."[11]  Day contends that 60 days is not "prompt" within the meaning of Diligence's certificate of incorporation, notwithstanding the clause: "in any event within sixty (60) days," and argues that a 60-day reimbursement schedule would be unfair and out of alignment with the purposes of his advancement rights.  Day's advancement rights, I note, do not arise in equity, but instead from the certificate itself, and are subject to interpretation under contract principles.  To my mind, Day has failed to establish a right to deviate from the express sixty-day payment period limitation in Diligence's certificate of incorporation, and payment within this period is presumed timely.  Therefore, I deny Day's request that I mandate payment of advanceable fees and expenses prior to 60 days after submission to Diligence.

To the extent the foregoing requires an order to take effect, it is SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[11] Pl. Nicholas Day's Verified Compl. for Advancement against Def. Diligence, Inc., D.I. 1, Ex. A, Art. Tenth, Section F.