# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted:  February 24, 2021
Date Decided:  March 24, 2021

Stephen B. Brauerman, Esquire
Elizabeth A. Powers, Esquire
600 North King Street, Suite 400
Wilmington, Delaware 19801

Kelly A. Green, Esquire
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, Delaware 19801

Robert Mahoney, Esquire
Saleem Mawji, Esquire
Norris Mclaughlin, P.A.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807

Jeffrey Gans, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1200 Seventeenth Street NW
Washington, DC 20036

RE: *Facchina Construction Litigations*
Civil Action No. N17C-09-163 PRW CCLD (Consolidated)

Dear Counsel:

This Letter Order addresses the Plaintiff Mr. Facchina's and Defendants ICATech and Empresas' (together "ICATech") Cross-Motions for Costs and Fees (D.I. 188, 191, respectively).  The parties now ask the Court to determine whether they may recover their attorney's fees, costs, and expenses resulting from this litigation.  For the reasons set forth briefly below, both Motions are **DENIED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court now considers cross-motions for costs and fees stemming from a lengthy, three-year litigation, involving Mr. Facchina (as "Seller Representative"), ICATech Corporation and its parent Empresas ICA, S.A.B. De C.V. ("ICATech"), and Facchina Construction Company, Inc. ("FCCI").

The parties became entangled in June of 2013, when ICATech bought FCCI by the executed Purchase and Sale Agreement ("PSA").[1] Mr. Facchina was designated as the "Seller Representative" for FCCI ("Sellers") and Empresas ICA was a party to the PSA as a guarantor for ICATech.[2] In September 2017, Mr. Facchina filed suit against ICATech and Empresas, seeking both an Acceleration Payment of $30,647,509 and recovery of $3.5 million held in escrow (the "Escrowed Funds").[3] A month later, FCCI brought suit against Mr. Facchina seeking a money judgment in the Adjusted Principal Amount of $6,814,303.08 plus costs, pre- and post-judgment interest, and attorney's fees arising from Seller's indemnification obligations under the PSA.[4] FCCI also sought attorney's fees under

---

[1] *Facchina Construction Litigations*, 2020 WL 6363678, at *1 (Del. Super. Ct. Oct. 29, 2020).

[2] *Id.*

[3] *Id.*

[4] *Id.* at *2.

PSA Section 11.23, and declaratory judgment that Mr. Facchina was not entitled to the Escrowed Funds.[5]

The parties presented their cases during a five-day trial to the Court sitting without a jury.[6] There were three central contentions to be resolved by trial: (1) whether there was fraud in the form of concealment of risks concerning the Grove at Grand Bay condominium project in Miami; (2) whether indemnification was required under the terms of the PSA, including entitlement to $3.5 million held in escrow; and (3) whether acceleration of an earn-out payment was due under the terms of the PSA.[7] In October 2020, the Court issued its Decision After Trial, entering a verdict where each party succeeded on some issues and lost on others.[8]

A Final Order and Judgment was filed a month later, on November 24, 2020.[9] The parties were permitted to brief entitlement and quantum of an award for any fees

---

[5] *Id.*

[6] Seller Representative's Opening Br. in Supp. of Mot. for an Award of Att'y's Fees and Expenses at 3, December 21, 2020 (D.I. 188) (hereinafter "Seller Rep. Opening Br.").

[7] *Facchina Construction Litigations*, 2020 WL 6363678, at *2.

[8] *Id.* at *20 ("On FCCI's Complaint, this Court found for Mr. Facchina; On Mr. Facchina's Complaint, this Court found for ICATech and on ICATech's Amended Answer and Counterclaim, this Court found for Mr. Facchina.").

[9] Final J. Order, Nov. 24, 2020 (D.I. 183).

and costs.[10]  Both Mr. Facchina and ICATech then filed their Motions for an Award

of Attorney's Fees and Expenses.[11]  In response, FCCI filed a written opposition to

Mr. Facchina's prayer for attorney's fees and expenses; Mr. Facchina filed a brief

opposing ICATech's motion.[12]

## II. STANDARD OF REVIEW

Under the "American Rule" and Delaware law, litigants are responsible for

paying their own litigation costs, even the winners.[13]  An exception to this general

rule is found in contract litigation that involve fee-shifting provisions.[14]  A fee-

shifting provision allows the Court to award costs incurred during litigation to the

---

[10]  *Id*. at ¶ 11.

[11]  Seller Rep. Opening Br.; ICATech Corp. and Empresas's Post Trial Opening Br. for Fees and Costs, December 21, 2020 (D.I. 191) (hereinafter "ICATech's Opening Br.").

[12]  FCCI's Opp'n to Mr. Facchina's Mot. for an Award of Attorney's Fees, January 22, 2021 (D.I. 203) (hereinafter "FCCI's Opp'n"); Seller Rep. Ans. Br. in Opp'n to ICATech Post Trial Mot. for an Award of Attorney's Fees and Costs, January 25, 2021 (D.I. 205)(hereinafter "Seller Rep.'s Opp'n to ICATech").

[13]  *Mahani v. Edix Media Group, Inc.*, 935 A.2d 242, 245 (Del. 2007); *see Sternberg v. Nanticoke Memorial Hosp., Inc.*, 62 A.3d 1212, 1218 (Del. 2013) ("It has been long practice of American courts to enforce the so-called 'American Rule'—which requires each party to pay his or her own legal costs, even the prevailing party."); *see also Mrs. Fields Brand, Inc. v. Interbake Foods LLC*, 2018 WL 300454, at *2 (Del. Ch. Jan. 5, 2018) (Noting the Court of Chancery has applied the "predominance in the litigation" standard to prevailing-party contract provisions; that "[t]o achieve predominance, a litigant should prevail on the case's chief issue.; and, that there are occasions where "no party may be regarded as having prevailed.").

[14]  *Mahani*, 935 A.2d at 245.

prevailing party.[15]  A fee-shifting provision must be a clear and unequivocal agreement triggered by a dispute over a party's failure to fulfill obligations under the contract.[16]  When the parties' agreement governs an award of costs, the Court will look solely to that document to determine whether to award attorney's fees to the prevailing party on either an all-or-nothing or a claim-by-claim basis.[17]

In fee-shifting cases, Delaware courts are also tasked with determining the reasonableness of the fees sought using the Delaware Lawyers' Rules of Professional Conduct Rule 1.5 factors.[18]  The Court is not required to conduct a line-item review of the fees and the party seeking fees carries its burden to justify a challenged litigation decision by showing that "the services that were rendered

---

[15]  *Id.*

[16]  *SARN Energy LLC v. Tatra Defence Vehicle A.S.*, 2019 WL 6525256, at *1 (Del. Super. Ct. Oct. 31, 2019).

[17]  *Comrie v. Enterasys Networks, Inc.*, 2004 WL 936505, at *1-2 (Del. Ch. Apr. 27, 2004); *see also Knight v. Grinnage*, 1997 WL 633299, at *3 (Del. Ch. Oct. 7, 1997) ("Courts give great weight to contract clauses creating the right to payment of attorney's fees in subsequent litigation as the contracting parties have the opportunity to negotiate for provisions within the contract that would require one party to pay the attorney's fees of the other if they do not abide by the terms of the contract.").

[18]  *Mahani*, 935 A.2d at 245; Del. Lawyers' Rules of Prof'l Conduct R. 1.5.

[were] thought prudent and appropriate in the good faith professional judgment of competent counsel."[19]

The parties agree that the PSA addresses fee-shifting at Section 11.20. This provision states, "provided, that if a party prevails in part, and loses in part, in such Proceeding, the court . . . shall award a reimbursement of the fees, costs and expenses incurred by the parties on an equitable basis."[20] Thus, the Court looks at the results of each claim, assesses each party's success or failure thereon, and then compares each party's overall predominance in the litigation by ascribing relative weight and cost to each success and failure therein.

## III. LEGAL ANALYSIS

At bottom, the question is whether any of the parties here may recover *any* of their attorney's fees, costs, or expenses from another. And since there was no clearly prevailing party in this litigation, the Court must determine whether some fee-shifting is appropriate on an equitable basis to comport with PSA Section 11.20.[21]

---

[19] *Boeing Co. v. Spirit Aerosystems, Inc.*, 2017 WL 6021423, *3 (Dec. 5, 2017) (citing *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012) ("A Court's determination of reasonableness of attorney's fees 'does not require that this Court examine individually each entry and disbursement' or conduct an independent inquiry of the appropriateness of counsel's fee for a particular filing of litigation tactic.").

[20] PSA § 11.20 (JX-27).

[21] This Court is occasionally required to apply equitable principles when deciding certain matters. In such cases, the Court has jurisdiction to award attorney's fees even when no contract or statute

Not surprisingly, each party to the litigation has a different take on what award on an "equitable basis" would mean here under Section 11.20.

First, Seller Representative says an award equitably based compels that he receive one-third of his total fees and costs, and all of his expert fees from ICATech and FCCI, jointly and severally, because he prevailed on one of the three central issues in the litigation.[22]  He claims an additional one-third of his total fees and expenses from ICATech because the Court found that "ICATech failed to prove any element of fraud."[23]  He also baldly asserts that even though ICATech prevailed in its defense to the Acceleration Payment, its fees and costs should be offset against Mr. Facchina's fees and costs in pursuing that claim.[24]

Conversely, ICATech asserts that equity requires Seller Representative to pay the entirety of ICATech and Empresas's incurred fees and costs resulting from this

---

requires it.  But here, exercise of that jurisdiction is required by the PSA.  *Dover Historical Soc., Inc. v. City of Dover Planning Com'n*, 902 A.2d 1084, 1090 (Del. 2006).

[22]  Seller Rep. Opening Br. at 5 ("Given that indemnification was one of the three central issues in this matter and because of the intertwinement of all of the issues, Mr. Facchina should be awarded one-third of his total fees, costs, and expenses, including all of his expert expenses from FCCI and ICATech, jointly and severally.").

[23]  *Id*. at 7.

[24]  *Id*.

"frivolous" litigation.[25]   ICATech relies on *Mahani v. Edix Media Group, Inc.*[26] which, it argues, permits a trial court to award a litigant "the full amount of its attorneys' fees and other expenses" when "it would be inequitable to deny [the litigant's] full amount of its attorneys' fees and other expenses since" the opposing party was responsible for needlessly causing those expenditures—even when the opposing party prevailed in part.[27]

Finally, FCCI argues it is equitable to require each party to bear its own attorney's fees and expenses because there was no "prevailing party."

FCCI is correct.   In this litigation, after making the claim-by-claim examination required here there was no "prevailing party" and thus, shifting would not be equitable under the PSA.[28]   Here, each party won on some claims and lost on others, however, overall, each party recovered far less than he or it sought.   For example, Mr. Facchina went after both the Escrowed Funds—$3.5 million—and the Acceleration Payment—about $30 million—in his Complaint.[29]   After trial,

---

[25]   ICATech Opening Br. at 2.

[26]   935 A.2d 242 (Del. 2007).

[27]   ICATech Opening Br. at 2; *Mahani*, 935 A.2d at 248.

[28]   *Facchina Construction Litigations*, 2020 WL 6363678 at *20.

[29]   Compl., at 22, Sept. 15, 2017 (D.I. 1).

however, Mr. Facchina recovered only the Escrowed Funds and received not one cent of the Acceleration Payment.[30] Similarly, ICATech sought return of the $55 million it paid for the Facchina Companies and the Escrowed Funds (plus interest), but failed to recover any bit of that.[31] While Mr. Facchina's targeting of ICATech for the acceleration payment may have been unsuccessful, after a complete examination of the record evidence, the Court can hardly label his claims "frivolous." Moreover, it's clear that no small portion of ICATech's fees and costs were expended in full engagement of its own futile fraud counterattack.

In *Great Hills Equity Partners IV v. SIG Growth Equity Fund*[32], the Court of Chancery analyzed an almost identical fee-shifting provision[33] and explained:

> [The Parties] have filed numerous motions, endured with longanimity 10 days of trial, undergone both a liability and damages determination, and now seek fees. And yet the result is not a distinct victory for either side. Under such circumstances, I find that nothing is more equitable than to leave the fees in repose. An award of fees may be seen as a penalty for the party from which the fees may be paid. I find that it would be

---

[30] *Facchina Construction Litigations*, 2020 WL 6363678 at \*18-19.

[31] *Id*. at \*2, 16.

[32] 2020 WL 7861336 (Del. Ch. Dec. 31, 2020)(Glasscock, VC).

[33] In *Great Hills*, the pertinent provision is as follows, "provided, that if a party to such litigation…prevails in part, and loses in part, the court…presiding over such litigation… shall award a reimbursement of the fees, costs, and expenses incurred by such party on an equitable basis." *Id*. at \*3.

> inequitable to impose such a penalty, given the efforts of counsel on both sides and the results achieved.[34]

Same here. It's been a long, tumultuous legal battle over a three-year span that's included layers of motions and a five-day bench trial. Between Mr. Facchina and ICATech, there is no clear winner and the damages sought by each party far exceeded those finally awarded. In turn, it is most equitable to have each party bear responsibility for his or its own fees and costs.

To be sure, the relevant factors in Rule 1.5 support the reasonableness of the parties' reported fees. Delaware Courts have recognized that "an arm's-length agreement, particularly with a sophisticated client . . . can provide an initial 'rough cut' of a commercially reasonable fee."[35] This case involved three complicated issues of interpreting the PSA and lengthy litigation between multiple parties that were represented by appropriately manned teams of attorneys. The affirmative, defensive, and counter strategies engaged by each were reasonable decisions made by able counsel—not merely blows struck or rebuffed capriciously. This too speaks to the equity of leaving each of the parties to bear the costs incurred to obtain his or its mixed—and mostly disappointing—results.

---

[34] *Id.* at *6-7.

[35] *Danenberg v. Fitracks, Inc.*, 58 A.3d at 997.

### IV. CONCLUSION

In the Court's view, it is most equitable that each party bear his or its own attorney's fees, costs, and expenses incurred during this litigation.  No party here can be said to have prevailed; the relative wins and losses in each's column came at a fair cost and, in the end, evened out.  Accordingly, the Court **DENIES** both Seller Representative and ICATech's Motions for Attorney's Fees and Costs.

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

Original to Prothonotary

cc: All Counsel via File and Serve