COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 20, 2024

Jeremy D. Eicher
Eicher Law LLC
1007 N. Orange Street, 4th Floor
Wilmington, DE 19801

Frank E. Noyes, II
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801

Douglas D. Herrmann
Troutman Pepper Hamilton
Sanders LLP
1313 Market Street, Suite 5100
Wilmington, DE 19899

Jennifer C. Voss
Skadden, Arps, Slate, Meagher &
Flom LLP
920 N. King Street, 7th Floor
Wilmington, DE 19801

> Re: *In re TransPerfect Global, Inc.,*
> C.A. Nos. 9700-CM, 10449-CM

Dear Counsel:

This letter opinion resolves the objections (the "Fee Objections") of Respondent

TransPerfect Global, Inc. ("TransPerfect") to Former Custodian Robert Pincus's fee

petitions for legal expenses incurred in the third[1] and fourth quarters of 2023 (the

"Fee Petitions").[2] It also resolves TransPerfect's motion for the issuance of a final,

appealable order with respect to the former custodian's fee petitions (the "Rule 54(b)

Motion").[3] TransPerfect's Fee Objections are overruled and its Rule 54(b) Motion is

---

[1] C.A. No. 9700-CM, Docket ("Dkt.") 1802 ("July 2023 Objection"); Dkt. 1803 ("August 2023 Objection"); Dkt. 1804 ("September 2023 Objection"). Civil Action Numbers 9700-CM and 10449-CM have been litigated in a coordinated fashion since their inception. Docket entries cited in this decision refer to C.A. No. 9700-CM.

[2] Dkt. 1838 ("Q4 2023 Objection").

[3] Dkt. 1839 ("Rule 54(b) Motion").

denied. The court assumes the reader's familiarity with the background of this action and jumps to the pending objections and motion.

### A. The Fee Objections

TransPerfect advances the following four arguments concerning Pincus's Fee Petitions for the third quarter of 2023.

First, TransPerfect argues that Pincus is not entitled to fees related to the securities fraud action filed in the Delaware federal court (the "Securities Action").[4] I previously held that the custodian is entitled to fees incurred in the Securities Action.[5] That is the law of the case.[6]

Second, TransPerfect argues that Pincus is not entitled to "fees for his counsel preparing/filing fee petitions."[7] As I previously held, Pincus is entitled to "fees-on-fees incurred to respond to TransPerfect's objections."[8]

Third, TransPerfect argues Pincus's fees are excessive compared to the nature

---

[4] July 2023 Objection at 11–12; August 2023 Objection at 7; September 2023 Objection at 4.

[5] *In re TransPerfect Glob., Inc.*, 2023 WL 5017248, at *6 (Del. Ch. Aug. 7, 2023), *denying reargument, clarification, entry of final judgment, and stay pending appeal*, 2023 WL 6387785 (Del. Ch. Sept. 22, 2023), *refusing appeal*, 306 A.3d 530 (Del. 2023) (TABLE).

[6] *Sciabacucchi v. Malone*, 2021 WL 3662394, at *4 (Del. Ch. Aug. 18, 2021) ("[o]nce a matter has been addressed . . . it is generally held to be the law of that case and will not be disturbed by that court unless compelling reason to do so appears" (alterations in original) (quoting *Guy v. State*, 913 A.2d 558, 562 n.2 (Del. 2006))).

[7] July 2023 Objection at 5, 10–11.

[8] *In re TransPerfect Glob., Inc.*, 2023 WL 7182135, at *2 (Del. Ch. Nov. 1, 2023), *refusing appeal*, 309 A.3d 433 (Del. 2023) (TABLE).

of the work.[9]  I have reviewed the billing statements and fee affidavits, which appear reliable, and after considering the DLRPC Rule 1.5(a) factors, conclude that the fees are reasonable.

Fourth, TransPerfect argues that Pincus's fees are excessive according to TransPerfect's expert reports.[10]  Because the reasonableness of a fee petition is a matter of judicial discretion, I need not rely on experts in making that determination.[11]  Nevertheless, I reviewed the expert reports and found they made the same arguments that this court has found unpersuasive or rejected, including allegations of block billing, unreasonable rates, and overstaffing.[12]  The fees are reasonable, and they are in line with the fees I previously found to be reasonable.

As to the fourth quarter, TransPerfect stated that it "waives its objections" except as to fees sought in the Securities Action.[13]  As to those fees, TransPerfect

---

[9] August 2023 Objection at 5; September 2023 Objection at 4–5.

[10] July 2023 Objection at 12; August 2023 Objection at 6–7; September 2023 Objection at 5–6.

[11] *In re TransPerfect*, 2023 WL 7182135, at *3 (citing *Mahani v. Edix Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).

[12] Dkt. 1802, Ex. 1 at 3, 7–11 (Paige Report arguing custodian's counsel engaged in excessive legal research, block billing, and charged excessive rates); *id.*, Ex. 2 at 7–8, 11–12 (Studer Report arguing custodian's counsel duplicated work and charged excessive rates); *see, e.g.*, *In re TransPerfect*, 2023 WL 7182135, at *3 (rejecting Paige Report conclusion that counsel "engaged in block billing and vaguely described fee entries" (internal quotation marks and citation omitted)); *In re TransPerfect Glob., Inc.*, 2021 WL 1711797, at *26, *34 (Del. Ch. Apr. 30, 2021) (rejecting Paige Report excessive rates and overstaffing arguments), *recons. denied*, 2021 WL 2030094 (Del. Ch. May 21, 2021), *aff'd sub nom. TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630 (Del. 2022), cert. denied, 143 S. Ct. 574 (2023).

[13] Q4 2023 Objection at 6.

relies on the Studer and Paige expert reports.[14] Again, because the reasonableness of a fee petition is a matter of judicial discretion, I need not rely on experts in making that determination.[15] Nevertheless, I reviewed the expert reports and found they made the same arguments that TransPerfect has previously made, and which I have either found unpersuasive or rejected.[16] Again, the fees are in line with the fees I previously found to be reasonable.

### B.    Rule 54(b) Motion

In the Rule 54(b) Motion, TransPerfect seeks "(1) permission to pay the Chancery Fees (non-Securities Fees) incurred since December 31, 202[3], without waiting for the next quarterly cycle and without objection; (2) entering final judgment under Ct. Ch. R. 54(b) as to the previously awarded $5.25 million in fees; (3) imposing a $75,000.00 cap on Pincus's fees to oppose TPG's appeal to the Delaware Supreme Court, which TPG will pay as directed by the Supreme Court; and (4) directing that going forward Pincus must seek fees relating to the Securities Action in federal court."[17]

---

[14] *Id.* at 7.

[15] *In re TransPerfect*, 2023 WL 7182135, at *3 (citing *Mahani*, 935 A.2d at 245).

[16] Dkt. 1838, Ex. B at 4–5 (Studer Report arguing custodian's counsel duplicated work, charged excessive rates, and failed to include timekeeper identification); *id.*, Ex. C at 2–5 (Paige Report arguing custodian's counsel engaged in block billing, excessive redactions, and vague time entries); *see, e.g.*, *In re TransPerfect*, 2023 WL 7182135, at *2 & n.14; *In re TransPerfect Glob., Inc.*, 2021 WL 1711797, at *34 & n.335.

[17] Rule 54(b) Motion ¶ 5.

This is a strange set of requests to package into a Rule 54(b) Motion for a few reasons. TransPerfect need not seek permission to pay any fees owed to Pincus timely and without objection. There is no basis for imposing a cap on Pincus's fees—he is entitled to all fees and expenses reasonably incurred. And the federal court is not the forum for litigating Pincus's entitlement to fees and expenses that arise under an order of this court.[18] So, those requests are denied. That leaves the Rule 54(b) issues.

"Rule 54(b) is an exception to the well-established policy against piecemeal appeals, and does not contemplate the entry of final judgment absent a showing of some degree of hardship or injustice through delay which would be alleviated by immediate appeal."[19] Thus the court must exercise its discretion to find no just reason for delay under Rule 54(b) "sparingly."[20] Rule 54(b) "is not an invitation for this Court to flood the Supreme Court's docket."[21]

As I previously held, the sole dispute now concerns fees.[22] And the Supreme Court has already addressed the bulk of TransPerfect's objections concerning fees.[23]

---

[18] Dkt. 1243 ¶¶ 5, 7, 10 (Feb. 15, 2018 Order).

[19] *Zimmerman v. Home Shopping Network, Inc.*, 1990 WL 140890, at *1 (Del. Ch. Sept. 25, 1990) (internal quotation marks and citation omitted).

[20] *In re Tri-Star Pictures, Inc., Litig.*, 1989 WL 112740, at *1 (Del. Ch. Sept. 26, 1989).

[21] *Sider v. Hertz Glob. Hldgs., Inc.*, 2019 WL 2501481, at *2 (Del. Ch. June 17, 2019) (citation omitted).

[22] *In re TransPerfect*, 2023 WL 6387785, at *2; Dkt. 1837 at 21:24–22:1 (Jan. 4, 2024 oral argument on contempt motions) ("right now this case has devolved into a fee motion practice").

[23] *See Pincus*, 278 A.3d at 653–59 (stating that the court did not abuse its discretion in rendering its fee award).

Because the parties and the court have guidance from the high court on the fee analysis, there is no reason to permit additional piecemeal appeals.[24] TransPerfect will be able to appeal the court's orders once it has ceased creating fee-generating work for Pincus. Accordingly, there is no basis for granting Rule 54(b) relief.

TransPerfect's Fee Objections are overruled. And TransPerfect's Rule 54(b) motion is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)

---

[24] I previously denied TransPerfect's August 21, 2023 Rule 54(b) motion, which raised similar arguments to those presented now. *In re TransPerfect*, 2023 WL 6387785, at *2.