**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 4, 2024

Bradley R. Aronstam, Esquire
Roger S. Stronach, Esquire
Dylan T. Mockenstrum, Esquire
Ross Aronstam & Moritz LLP
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801

William M. Lafferty, Esquire
Susan W. Waesco, Esquire
Elizabeth A. Mullin Stoffer, Esquire
Kirk C. Andersen, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

RE:   *Fortis Advisors LLC v. Johnson & Johnson et al.*,
      C.A. No. 2020-0881-LWW

Dear Counsel:

Today, I issued a post-trial memorandum opinion resolving Fortis Advisors LLC's claims. I also resolved pending motions for sanctions due to spoliation. One matter is left be addressed: the amount of fees Fortis is entitled to due to Johnson & Johnson's tardy cancellation of depositions.

Last year, J&J was set to depose two members of Auris Health, Inc.'s leadership team: Josh DeFonzo and David Mintz. These are key players in the relevant events and featured prominently at trial. On the eve of their depositions, after Fortis's and the witnesses' counsel had traveled to California to prepare the witnesses, J&J abruptly canceled. J&J subsequently asked to reschedule the

depositions after Fortis listed Mintz and DeFonzo as trial witnesses. A motion for protective order followed.[1]

Because J&J's actions were not plainly inconsistent with the scheduling order, I permitted these crucial depositions to go forward.[2] But to balance the prejudice to Fortis, I granted relief including shifting fees for reasonable time Fortis spent preparing for the canceled depositions. I asked that Fortis's counsel submit a Rule 88 affidavit outlining the associated fees.

The Rule 88 affidavit requested that I shift $312,577 in fees for 233.4 hours of attorney time.[3] The total reflects a blended rate for two partners and three associates at $1,541 per hour. The hours listed span six weeks before to eight days after the canceled depositions.

I decline to grant this amount. The hourly rate is high and unsubstantiated.[4] The time period for which fees are sought exceeds that reasonably linked to the cancellation. And the Rule 88 affidavit is deficient. It lacks specifics including the

---

[1] Dkt. 413.

[2] Dkts. 438, 447.

[3] Dkt. 500.

[4] *See In re Diamond Shamrock Corp.*, 1989 WL 17424, at *3 n.2 (Del. Ch. Feb. 23, 1989) (rejecting fees where rates for claimed hours were not disclosed); *see also Deane v. Maginn*, 2022 WL 16825351, at *4 (Del. Ch. Nov. 7, 2022).

travel dates, whether travel time was used to actively prepare for the depositions, who met with the witnesses and when, and the time spent by counsel on specific tasks. Fortis has not met its burden of supporting the reasonableness of the requested fees.[5]

I therefore adopt the approach suggested by J&J.[6] Fortis is entitled to fees totaling $36,000. This amount corresponds to two lawyers each spending ten hours preparing each witness at a blended rate of $900 per hour. The parties will otherwise bear their own fees and costs.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[5] *See Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 246-48 (Del. 2007).

[6] Dkt. 516.