# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

KEN SEIFF and BLOCKCHANGE     )
VENTURES I L.P.,     )
    )
       Plaintiffs,     )
    )
      v.     ) C.A. No. 2019-1031-SG
    )
TOKENIZE INC.,     )
    )
       Defendant.     )

## MEMORANDUM OPINION

Date Submitted: October 23, 2020
Date Decided: November 19, 2020

John M. Seaman, of ABRAMS & BAYLISS LLP, Wilmington, Delaware, *Attorneys for Plaintiffs*.

P. Clarkson Collins, Jr. and Albert J. Carroll, of MORRIS JAMES LLP, Wilmington, Delaware; OF COUNSEL: Brian J. Capitummino, of WOODS OVIATT GILMAN LLP, Rochester, New York, *Attorneys for Defendant*.

GLASSCOCK, Vice Chancellor

The Plaintiffs seek advancement of legal fees and expenses under an indemnification agreement with the Defendant, Tokenize, Inc. Tokenize sued the Plaintiffs in New York, and the Plaintiffs prepared quickly and vigorously to defend the claims. They prepared a motion to dismiss, and, after Tokenize filed an Amended Complaint, a motion to dismiss that pleading as well. They made significant efforts to collect evidence in anticipation of discovery. They submitted an undertaking to repay and sought advancement from Tokenize.

Although, as must be obvious from the paragraph above, the Plaintiffs were aware of the Complaint and Amended Complaint in the New York action, Tokenize failed to perfect service under New York law, and ultimately dismissed the Amended Complaint against the Plaintiffs, without prejudice. It contests the Plaintiffs' right to advancement for the New York action as moot,[1] and also objects to the amounts sought as unreasonable.

Tokenize suggests that this matter is moot, because the litigation in New York is over; it indicates that, if the Plaintiffs have a remedy, it must be to sue for indemnification, not advancement. The Plaintiffs make two responses. First, that the holder of an advancement right cannot have that right defeated by an indemnitor, upon being presented with a demand to pay advanceable fees and expenses already

---

[1] That is, Tokenize voiced this point in oral argument, but failed to raise it in briefing on this Motion for Summary Judgement; the argument, therefore, is waived. I address it in the Memorandum Opinion, however, for the sake of completeness.

1

incurred, effecting a dismissal without prejudice. This, per the Plaintiffs, would deny the rights-holders the full benefit of the advancement bargain. Second, the Plaintiffs point out that the particular contract here provides explicitly that advancement claims may be enforced after the termination of the litigation. The latter contention I find conclusive here. Therefore, the Plaintiffs are entitled to advancement. It is difficult to imagine that these claims are also not also indemnifiable, as the Plaintiffs succeeded in convincing Tokenize to abandon the New York action. That issue is not before me, however, and nothing in this Memorandum Opinion should be read to prevent Tokenize from seeking declaratory judgement that the Plaintiffs are not entitled to indemnification, thus triggering the undertaking to repay. Properly incurred fees and expenses, however, must be advanced.

Having resolved the predicate issue, I find the expenses sought, including fees, reasonable. Therefore, the Plaintiffs are entitled to advancement of the amounts sought. My reasoning follows.

# I. BACKGROUND[2]

*A. The Parties*

Plaintiff Ken Seiff is a resident of New York.[3]  Seiff has been a director of Tokenize Inc. since at least January 2019.[4]

Plaintiff Blockchange Ventures I L.P. ("Blockchange") is a Delaware limited partnership with its principal place of business in New York.[5]  Blockchange beneficially owns approximately 6.67% of the common stock of Tokenize.[6]

Defendant Tokenize Inc. ("Tokenize" or the "Company") is a Delaware corporation with its principal place of business in New York.[7]

*B. The Books and Records Action*

In May 2019, Seiff initiated an action before this Court pursuant to 8 *Del. C.* §220 (the "Books and Records Action").[8]  Tokenize formed a special committee (the "Committee") charged with considering and responding to Seiff's demands on behalf of Tokenize.[9]  Although the parties negotiated a resolution of the

---

[2] The factual recitation here is drawn from uncontroverted statements made in the Plaintiffs' Verified Complaint for Advancement, Dkt. No. 1 (the "Complaint" or "Compl."), the Defendant's Answer to Verified Complaint, Dkt. No. 10 (the "Answer"), and evidence submitted under affidavit with the parties' papers.
[3] Answer ¶ 4.
[4] *Id.*
[5] *Id.* ¶ 5.
[6] *Id.*
[7] *Id.* ¶ 6.  Tokenize was originally formed under the name Case Wallet, Inc.  Decl. of Brian J. Capitummino, Ex. 2 ¶ 6, Dkt. No. 19 [hereinafter Capitummino Decl.].
[8] *See* Capitummino Decl., Ex. 1; Verified Compl. for Inspection of Books and Recs., *Seiff v. Tokenize Inc.*, C.A. No. 2019-0369-SG, Dkt. No. 1.
[9] Capitummino Decl., Ex. 1 at 1.

Books and Records Action,[10] the Committee's final report speculated that the action was "costly and distracting" and "resulted in the unsealing of previously-redacted allegations that could prove damaging to Tokenize."[11] Ultimately, the parties negotiated a stipulation to resolve the Books and Records Action in March of the following year.[12]

### C. The New York Action

On November 19, 2019, Tokenize initiated an action against Seiff and Blockchange in the Supreme Court of Monroe County, New York (the "New York Action"), alleging breach of fiduciary duty, tortious interference with contract, tortious interference with prospective business relations, and a count against Blockchange for aiding and abetting Seiff's breach of fiduciary duty.[13] Among other attempts to disrupt Tokenize's business, the New York Complaint alleges that the Books and Records Action was "a sham lawsuit"[14] calculated "to frustrate [Tokenize's] ability to raise funds, and to create a liquidity crisis in an attempt to

---

[10] *See generally* Stip. and Order of Dismissal, *Seiff v. Tokenize Inc.*, C.A. No. 2019-0369-SG, Dkt. No. 53.

[11] Capitummino Decl., Ex. 1 at 3.

[12] Capitummino Decl. ¶ 20.

[13] *See* Compl., Ex. A. Tokenize subsequently amended their complaint in the New York Action, omitting the cause of action for tortious interference with contract. *See* Capitummino Decl., Ex. 2 [hereinafter the "New York Complaint" or "New York Compl."].

[14] New York Compl. ¶¶ 43, 44.

gain control of Tokenize's highly valuable intellectual property for [Seiff's and Blockchange's] own gain at the expense of the other shareholders of Tokenize."[15]

In response to the New York Action, Seiff and Blockchange filed a motion to dismiss on December 13, 2019.[16] On January 2, 2020, Tokenize filed an amended complaint,[17] which Seiff and Blockchange also moved to dismiss.[18] Pursuant to Rule 306-b of the New York Civil Practice Law and Rules ("CPLR"), Tokenize had 120 days, until March 18, 2020, to effectuate service of the summons and complaint.[19] However, the New York Action was dismissed voluntarily without prejudice on January 28, 2020 without service ever being perfected.

*D. Seiff and Blockchange Initiate the Advancement Action*

Shortly after Tokenize initiated the New York Action, Seiff sent a letter to Tokenize demanding advancement and indemnification for expenses incurred by himself and Blockchange defending that action pursuant to 8 *Del. C.* § 145, under Article 6 of Tokenize's bylaws (the "Bylaws"), and under the indemnification agreement entered into between Seiff and Tokenize on November 19, 2018 (the "Indemnification Agreement").[20] On November 25, 2019, Plaintiffs' counsel sent

---

[15] *Id.* ¶ 51.
[16] Capitummino Decl. ¶ 8; Pls.' Mot. for Summ. J. ¶ 14, Dkt. No. 16.
[17] Capitummino Decl. ¶ 9; *see generally* New York Compl.
[18] *See generally* Transmittal Decl. of John M. Seaman, Ex. M, Dkt. No. 16 [hereinafter Seaman Decl.].
[19] N.Y. C.P.L.R. 306-b (McKinney 2012).
[20] Seaman Decl., Ex. E; *see also* Seaman Decl., Ex. A.

an email to counsel for Tokenize transmitting copies of signed engagement letters with the Plaintiffs' New York and Delaware counsel, each requiring a $15,000 retainer, and again demanded advancement and indemnification.[21]

*E. Procedural History*

After not receiving a response from Tokenize to either demand, the Plaintiffs initiated this application for advancement (the "Advancement Action").[22]

I heard oral argument on the Plaintiffs' Motion for Summary Judgment on October 21, 2020.[23] At oral argument, the Plaintiffs requested advancement of attorneys' fees and expenses incurred prosecuting this action (the "fees-on-fees") in addition to those requested in their original Complaint.[24] Per my instructions, the parties submitted supplemental declarations with respect to the fees-on-fees through October 23, 2020 and I consider the matter submitted for decision as of that date. In total, the Plaintiffs seek advancement of $134,037.11, comprising $85,958.40 for defense of the New York Action[25] and $48,078.71 for pursuing this action.[26]

---

[21] Seaman Decl., Ex. F.

[22] Answer ¶¶ 19–22.

[23] *See* Judicial Action Form, Dkt. No. 25.

[24] *See* Suppl. Decl. of John M. Seaman ¶ 2, Dkt. No. 26; Suppl. Decl. of James H. Nicoll ¶ 2, Dkt. No. 26.

[25] *See* Pls.' Mot. for Summ. J. ¶ 34.

[26] Suppl. Decl. of John M. Seaman ¶ 3.

## II. ANALYSIS

In support of their Motion, the Plaintiffs rely on the language of the Indemnification Agreement[27] and their fee invoices submitted to Tokenize with each undertaking for advancement.[28] Tokenize does not dispute that the Plaintiffs were entitled to advancement under the Indemnification Agreement.[29] Rather, Tokenize argues that its dismissal of the New York Action on January 28, 2020 mooted the advancement claim. It also opposes the amount of the fees sought as unreasonable and argues that the Advancement Action and the Books and Records Action are calculated to force Tokenize into a liquidity crisis for Seiff's benefit.[30]

### A. Relevant Legal Standard

The standard governing a motion for summary judgment is well-settled. Summary judgment is appropriate when "there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law."[31] The court must view the evidence presented in the light most favorable to the nonmoving party, and the moving party bears the burden of demonstrating the absence of a material factual dispute.[32] The party opposing summary judgment may not rest upon its

---

[27] *See* Seaman Decl., Ex. A.
[28] *See id.*, Exs. F–J.
[29] Def.'s Opp'n to Pls.' Mot. for Summ. J. ¶ 4 [hereinafter Opp'n Br.], Dkt. No. 19; *see also* Seaman Decl., Ex. A §1(d) (providing that Blockchange is entitled to indemnification and advancement to the same extent as Seiff).
[30] Opp'n Br. ¶¶ 1, 4.
[31] Ct. Ch. R. 56(c).
[32] *Levy v. HLI Operating Co.*, 924 A.2d 210, 219 (Del. Ch. 2007).

pleadings, but "must set forth specific facts showing that there is a genuine issue for trial," or risk summary judgment being entered against them.[33]

*B. The Plaintiffs are Entitled to Advancement as a Matter of Law Pursuant to the Indemnification Agreement*

1. The Plaintiffs' Request is not Moot

Tokenize does not dispute that the Indemnification Agreement provides the Plaintiffs a right to advancement.[34]  However, because the litigation in New York is over, Tokenize argues[35] that this matter is moot—if the Plaintiffs have a remedy, it must be to sue for indemnification, rather than advancement.[36]  The Plaintiffs make two responses.  First, the Plaintiffs argue that a defendant cannot defeat a claim for advancement of expenses incurred simply by dismissing the action for which advancement is sought.  This, per the Plaintiffs, would deny the rights-holders the full benefit of the advancement bargain.  Second, the Plaintiffs point out that the Indemnification Agreement explicitly provides that Tokenize "shall advance all Expenses incurred by or on behalf of [the Plaintiffs] in connection with any

---

[33] Ct. Ch. R. 5.
[34] Opp'n Br. ¶ 4.
[35] *See* note 1, *supra*.
[36] *See* Tr. of Oral Arg. on Pls.' Mot for Summ. J. 42, Dkt. No. 29; Def.'s Response and Opp'n to Pls.' Suppl. Appl. For Advancement ¶ 4, Dkt. No. 27; Answer ¶¶ 1, 3, 28, 29, 31, 33, 37.

Proceeding by reason of Indemnitee's Corporate Status . . . whether [such Expenses are requested] prior to or after final disposition of such Proceeding."[37]  I find this latter contention persuasive.  The New York Action is a "Proceeding," for which Tokenize is obligated to advance expenses, [38] regardless of whether that Proceeding has concluded. Because the Indemnification Agreement provides a right to advancement after final disposition of the New York Action, I need not address whether, in the absence of such a provision, a plaintiff's claim for advancement would be mooted under the circumstances here.  Therefore, the Plaintiffs are entitled to advancement under the Indemnification Agreement.

## 2. The Plaintiffs' Legal Expenses are Reasonable

Under the Indemnification Agreement, Tokenize is only obligated to advance reasonable legal expenses.[39]  In contractual fee-shifting cases, the Court has broad

---

[37] Seaman Decl., Ex. A § 5.

[38] "Proceeding" is defined in the Indemnification Agreement as "any threatened, pending or completed action, suit, arbitration, alternate dispute resolution mechanism, investigation, inquiry, administrative hearing or any other actual, threatened or completed proceeding, whether brought by or in the right of the Company or otherwise…in which [Seiff] was, is or will be involved as a party or otherwise, by reason of his or her Corporate Status, by reason of any action taken by him or of any inaction on his part while acting in his or her Corporate Status." *See id.* § 13(f).

[39] The Indemnification Agreement defines "Expenses" as "all reasonable attorneys' fees, retainers, court costs, transcript costs, fees of experts, witness fees, travel expenses, duplicating costs, printing and binding costs, telephone charges, postage, delivery service fees and all other disbursements or expenses of the types customarily incurred in connection with prosecuting,

discretion in determining the amount of fees and expenses to award.[40] The Court

reviews a fee application pursuant to the factors set forth in Rule 1.5(a) of the

Delaware Lawyers' Rules of Professional Conduct ("DLPRC"):[41]

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.[42]

---

defending, preparing to prosecute or defend, investigating, participating, or being or preparing to be a witness in a Proceeding, or responding to, or objecting to, a request to provide discovery in any Proceeding." Seaman Decl., Ex. A § 13(d). Similarly, the Delaware Supreme Court has held that a corporation is limited in its authority to advance expenses to those expenses that are "reasonable." *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 823–24 (Del. 1992).

[40] *Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005); *see also Mahani v. EDIX Media Gp., Inc.*, 935 A.2d 242, 245 (Del. 2007); *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 995 (Del. Ch. 2012).

[41] *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428 (Del. Ch. Feb. 13, 2018); *White v. Curo Texas Holdings, LLC*, 2017 WL 1369332, at *4 (Del. Ch. Feb. 21, 2017).

[42] Del. Lawyers' R. Prof'l Conduct 1.5(a).

However, the advancement stage "is not the proper stage for a detailed analytical review of the fees, whether in terms of the strategy followed or the staffing and time committed."[43] Second-guessing an attorney's judgment as to whether certain work was necessary "is hazardous and should whenever possible be avoided."[44]

Preliminarily, Tokenize challenges the reasonableness of all of the Plaintiffs' expenses by asserting that the Advancement Action is a form of gamesmanship.[45] Tokenize has alleged, for example, that Seiff is attempting to use this advancement proceeding to pay for work done to pursue his earlier Books and Records Action.[46] This suggestion is conclusory. The Plaintiffs have averred that their expenses were incurred solely in the New York Action and this Action, and Tokenize points to nothing in the record to refute that assertion. Accordingly, I will not consider this argument further.[47]

---

[43] *Duthie v. CorSolutions Med., Inc.*, 2008 WL 4173850, at *2 (Del. Ch. Sept. 10, 2008).

[44] *Arbitrium (Cayman Is.) Handels AG v. Johnston*, 1998 WL 155550, at *4 (Del. Ch. Mar. 30, 1998), *aff'd*, 720 A.2d 542 (Del. 1998)); *see also Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *12 ("The summary nature of an advancement proceeding further counsels against granular review.").

[45] Opp'n Br. ¶¶ 1, 20, 43, 53.

[46] Opp'n Br. ¶ 35.

[47] *See Reddy v. Elec. Data Sys. Corp.*, 2002 WL 1358761, at *9 (Del. Ch. June 18, 2002) (holding that determining advancement rights cannot be equated with a trial on the merits of the underlying cause of action for which advancement is being sought, "because the clear authorization of

More specifically, Tokenize disputes the reasonableness of the Plaintiffs' initial demand because they retained both New York and Delaware counsel to defend the New York Action.[48] The New York Action asserted claims related to Seiff's Delaware Books and Records Action.[49] Seiff also indicated in his emails of November 21 and 25, 2019, that he was seeking advancement under Delaware law, the bylaws of Case Wallet, LLC (a Delaware entity), and the Indemnification Agreement (also governed by the laws of Delaware).[50] It is not unreasonable to retain Delaware counsel to defend an action in which Delaware law is at issue.

Tokenize next contends that, because the Plaintiffs were never served with a complaint in the New York Action, it was unreasonable to retain legal representation at all.[51] There is nothing to suggest that either the Indemnification Agreement or Delaware law condition advancement rights on service of process. It is the threat of litigation that triggers the advancement right, not the filing of particular motions or

---

advancement rights presupposes that the corporation will front expenses before any determination is made of the corporate official's ultimate right to indemnification.").

[48] *Id.*

[49] *See* Seaman Decl., Ex. D ¶¶ 35–58.

[50] *See id.* Ex. E, Ex. F.

[51] Opp'n Br. ¶ 30.

the achievement of certain litigation milestones.[52]  Because a threat of litigation is not only created when the party is served, it is reasonable to incur expenses to defend an action prior to service being perfected.  I note that it is Tokenize who controlled the timing and progress of the New York litigation.  Tokenize filed the complaint.  Tokenize filed the amended complaint.  It was Tokenize's responsibility to determine when to make service of process, and when to dismiss the action.  It comes with some ill grace for Tokenize to assert that it may escape contractual advancement obligations it extended to the Plaintiffs, based upon its own litigation choices.

Next, Tokenize criticizes the Plaintiffs for incurring fees "after the [New York Action] was voluntarily dismissed."[53]  In determining reasonableness, the Court need not "assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation

---

[52] *See* Seaman Decl., Ex. A § 13(f) (defining Proceeding as "any threatened . . . action, suit, arbitration, alternate dispute resolution mechanism, investigation, inquiry, administrative hearing or any other actual, threatened or completed proceeding"); 8 *Del. C.* § 145(a) ("A corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action.").
[53] Opp'n Br. ¶ 31.

tactic."[54] Nevertheless, having reviewed the invoices from Plaintiffs' counsel, I have identified $2,405.00 in charges incurred after the New York Action was dismissed.[55] Abrams & Bayliss LLP charged nothing to the New York Action after December 13, 2019.[56] Mackenzie Hughes LLP submitted two invoices including expenses incurred in the New York Action after it was dismissed, on February 18, 2020 and April 10, 2020.[57] The invoices reveal that six hours and six minutes were charged to the New York Action after it was dismissed.[58] In those entries, Plaintiffs' counsel details their efforts discussing the dismissal, researching the implications of a dismissal without prejudice for future litigation, and attempting to secure a settlement whereby Tokenize would dismiss the New York Action *with prejudice*.[59] Tokenize does not dispute that the dismissal allows it to potentially revive the New York Action at a later date.[60] I find the expenses incurred analyzing the effect of a

---

[54] *Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 997 (Del. Ch. 2012); *cf. Duthie v. CorSolutions Med., Inc.*, 2008 WL 4173850, at *1 (Del. Ch. Sept. 10, 2008) ("[I]t is neither practicable nor reasonable to attempt to draw some line defining which defensive strategy [ ] is appropriate.").

[55] *See* Seaman Decl., Ex. J (including a spreadsheet summarizing total expenses as of each invoice date).

[56] *See id.*

[57] *See id.* Exs. H, J.

[58] *See id.*

[59] *See id.*

[60] *See* Opp'n Br. ¶ 33.

dismissal without prejudice and attempting to secure a dismissal with prejudice are reasonable.

The argument that the Plaintiffs' pre-dismissal invoices are unreasonable similarly fails. To challenge these expenses, Tokenize notes that "at least 37.9 hours are associated with reviewing discovery," despite the New York Action never reaching the discovery phase;[61] that "at least 5.8 hours of attorney time ($2,262)" was spent in connection with the settlement discussions Tokenize initiated;[62] and that "at least 17.5 hours ($6,825) [was spent] researching and preparing Plaintiffs' motion to dismiss Tokenize's Amended Complaint, despite that pleading not adding any new claims."[63] As noted above, the Court is not required to undertake a detailed, line-item review of counsels' invoices. Tokenize offers no reason why collecting and reviewing client documents to prepare for discovery, engaging in settlement negotiations, or preparing a motion to dismiss an amended complaint are unreasonable categories of expenses. Furthermore, Plaintiffs' counsel's invoices

---

[61] *Id.* ¶ 35.
[62] *Id.* ¶ 36.
[63] *Id.* ¶ 37.

reflect reasonable litigation activities. In general, it is not unreasonable to prepare for discovery in advance and most of the discovery-related invoices reflect reasonable internal discussions about and preparation for discovery *against* Seiff.[64]

Settlement negotiations are also reasonable. Preparing a motion to dismiss an amended complaint is reasonable as well.[65] Although the amended complaint did not add new counts against Seiff, it did include new factual assertions.[66] Because all of these activities are reasonable, expenses incurred in connection with that activity are properly advanceable.

Lastly, I reject Tokenize's argument that the Plaintiffs' fees were improperly increased by their refusal to settle the New York Action. Tokenize points out that it offered to pay the advancement request in full on April 8, 2020.[67] However, it did so only on the condition that payment would occur in June 2020.[68] Under the

---

[64] *See, e.g.*, Capitummino Decl., Ex. 4 (including the following entries: Nov. 25, 2019, "teleconference with Joe [Edmonds] to discuss documents and emails . . . and the best way to get them over to us for our review"; Nov. 26, 2019, "Prepare a Sharefile folder and email the link to Ken [Seiff] and Joe [Edmonds] allowing them to upload Ken's emails for our review.").

[65] Tokenize does not, for example, argue that the motion was frivolous.

[66] Capitummino Decl., Ex. 2 ¶¶ 14–15, 39–40, 49, 70, 72.

[67] Capitummino Decl., ¶ 23; Seaman Decl., Ex. I.

[68] Capitummino Decl. ¶¶ 22–23.

Indemnification Agreement, the Plaintiffs are entitled to advancement within a maximum of thirty days from the demand.[69] The Plaintiffs made clear that they would be seeking advancement by November 21, 2019,[70] and submitted an undertaking for advancement for $30,000 on November 25, 2019.[71] The offer to settle was, therefore conditional and at a discount; the Plaintiffs were under no obligation to accept and failure to accept cannot defeat their advancement claim. It is not unreasonable for a party to reject a settlement offer that fails to make them whole.

Plaintiffs' counsel have submitted sworn declarations, under penalty of perjury, that their invoices reflect the time necessary to properly prepare a defense to the New York action.[72] Tokenize has not introduced any evidence to contradict those declarations. Under these circumstances, I will not second-guess an attorney's judgment as to the time spent on matters within the scope of the Agreement's

---

[69] Seaman Decl., Ex. A § 5.
[70] Seaman Decl., Ex. E.
[71] Seaman Decl., Ex. F.
[72] *See generally* Decl. of John M. Seaman Pursuant to Rule 88, Dkt. No. 16; Decl. of James H. Nicoll Pursuant to Rule 88, Dkt. No. 16.

advancement obligations.[73]  Because the record before the Court presents no reason to doubt the reasonableness of their expenses, the Plaintiffs are entitled to advancement pursuant to the Indemnification Agreement.

### C. The Plaintiffs are Entitled to Fees-on-Fees

The Plaintiffs also seek attorneys' fees and expenses incurred in prosecuting this Advancement Action as provided for in the Indemnification Agreement.[74] Tokenize does not deny that the Indemnification Agreement grants the Plaintiffs these fee-on-fees.  Instead, Tokenize opposes the Plaintiffs' right to fees-on-fees on the same grounds as it opposes their claim for advancement generally:  that the claim is moot and that the expenses are unreasonable.  Plaintiffs' counsel have submitted supplemental sworn declarations as to their time and expense in prosecuting this action.[75]  I find, for the reasons enumerated above, the Plaintiffs are also entitled to an award of the attorneys' fees and expenses incurred in prosecuting this Advancement Action.

---

[73] *Lynch v. Gonzalez*, 2020 WL 5587716, at \*3 (Del. Ch. Sept. 18, 2020).
[74] *See* Judicial Action Form, Dkt. No. 25; Suppl. Decl. of John M. Seaman ¶ 3, Dkt. No. 26; Suppl. Decl. of James H. Nicoll ¶ 3, Dkt. No. 26.
[75] *See generally* Suppl. Decl. of John M. Seaman Pursuant to Rule 88, Dkt. No. 26; Suppl. Decl. of James H. Nicoll Pursuant to Rule 88, Dkt. No. 26.

*D. The Plaintiffs are Entitled to Prejudgment Interest*

The Plaintiffs also seek prejudgment interest from the date that they first delivered invoices to Tokenize, January 21, 2020.[76] Pre-judgment interest is awarded as a matter of right, from the date a contract mandates that payment was due.[77] Under the contract at issue, Tokenize had thirty days from the date of demand for a sum certain to make payment. The parties should compute interest at the legal rate for each invoice submitted for fees actually accrued, running from thirty days following the submission of each invoice with a demand for repayment. I retain jurisdiction to consider any dispute as to the pre-judgment interest due.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment is GRANTED. The parties should submit an appropriate form of order.

---

[76] *See* Seaman Decl., Ex. G.
[77] *E.g.*, *Citadel Holding Co. v. Roven*, 603 A.2d 818, 826 (Del. 1992).