**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| OPTICAL AIR DATA SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N17C-05-619 EMD CCLD |
| v. | ) | |
| | ) | |
| L-3 COMMUNICATIONS | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON OPTICAL AIR'S FEE PETITION**

On May 21, 2020, the Court ordered (the "May 21, 2020 Order") additional submissions regarding the Plaintiff's Memorandum in Support of Its Attorney Fees (the "Petition") filed by Plaintiff Optical Air Data Systems, LLC ("Optical Air"). On June 10, 2020, Optical Air filed: (i) Brief on Applicability of *Peterson Enterprises, Inc. v. Brace International Contracting, Inc.*, 2020 WL 57156 (Del. Jan. 6, 2020); (ii) Unsworn Affidavit of Alisa Rogers Pursuant to 10 Del. C. § 3927 and Supreme Court Admin. Order No. 7; (iii) the Supplemental Affidavit of Neil R. Lapinski, Esq. (along with exhibits, the "Supplemental Filings"). In arriving at the decision contatined in this Order, the Court has considered the Supplemental Filings; L-3's Opposition to Optical Air's Fee Petition (the "Objection") filed by Defendants L-3 Communications Corporation, Display Systems Division, and L-3 Communications Avionics Systems, Inc. (collectively, "L-3");[1] the Decision after Trial entered on December 5, 2019 (the "Decision");[2] and the entire record of this civil action.

---

[1] In the Objection, L-3 provides that L-3 Communications Corporation merged with Harris Corporation on June 29, 2019 to form L3 Harris Technologies, Inc. For simplicity, L-3 asks that the Court continue to refer to the company as L-3. *See* Obj. at 1, n. 1.
[2] Capitalized terms not defined in this Order have the meaning ascribed to them in the Decision.

1.      The history of this civil action is long.  The parties contested almost every matter or issue.  In the Decision, the Court recounted the procedural history of the civil action in detail. [3]

2.      Section 14 of the Licensing Agreement provides that "the reasonably prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in any dispute arising out of this Agreement."[4]  The Court referred to Section 14 in the Decision as the "Attorneys' Fees Provision."

3.      In the Decision, the Court determined:

> The Court finds that the Attorneys' Fees Provision is applicable here.   Because Optical Air is the prevailing party in a dispute arising out of the Agreement, the Court will award Optical Air its attorneys' fees for prosecuting its rights in this civil action.
>
> * * *
>
> The Court has reviewed the factual record and testimony provided by Ms. Trexler and Mr. Bernatowicz, and finds that Optical Air suffered damages in the amount of $2,579,500 from L-3's breach of the Agreements—(i) the $1,000,000 milestone payment due on January 15, 2017; and (ii) $1,579,500 of net profits from missed milestone and stipend payments due under the Services Agreement.  Optical Air is also entitled to attorneys' fees under the Attorneys' Fees Provision and pre-judgment interest.[5]

4.      Optical Air submitted the Petition.  The Petition was not supported by an affidavit regarding reasonableness.  Moreover, Optical Air sought its entire legal expenditure for the litigation, including claims not indemnified as well as for claims it lost.

5.      In the May 21, 2020 Order, the Court asked Optical Air to revisit the Petition in light of the decision in *Peterson Enterprises, Inc. v. Brace Industrial Contracting, Inc.*[6]   In

[3] Decision at 2-3.
[4] Def. Ex. 3 at Sec. 14.
[5] Decision at 69.
[6] 224 A.3d 574 (TABLE); 2020 WL 57156 (Del. Jan. 6, 2020).

*Peterson Enterprises*, the Supreme Court held that "[w]here a party asserts more than one claim and is entitled to recover costs for one or more but not others, the party must make a good faith effort to segregate costs between those claims for which it is entitled to recover costs and those it is not."[7]

6. In response, Optical Air submitted the Supplemental Filings. Optical Air continues to take the position that it is entitled to all fees and expenses because all claims arose out of the Agreements and Optical Air prevailed at trial. Alternatively, Optical Air reviewed its fees and contends that $79,030.52 of the $1,528,547 originally sought might be segregated out to those claims not relating to the Agreements.

7. The Court does not agree with Optical Air's arguments or assessments. The Court does not question whether Mr. Lapinski acted in good faith when submitting his supplemental affidavit. Instead, the Court disagrees with Optical Air's method of segrating out fees and expenses when responding to the May 21, 2020 Order.

8. In this civil action, the parties originally asserted 17 different causes of action. The Court notes that 8 of the causes of action were some form of breach of contract claim and 9 causes of action were tort claims. Optical Air prevailed on 4 of its breach of contract claims and 3 breach of contract counterclaims. Optical Air did not prevail on its 6 tort claims. Moreover, Optical Air sought breach of contract damages far more than the Limitation of Liability Provision.

---

[7] Id. at *2.

9.      Our case law provides that in exercising my discretion to set a legal fee due contractually,[8] I must consider the factors set out at Rule 1.5(a) of the Rules of Professional Conduct:

- the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

- the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

- the fee customarily charged in the locality for similar legal services;

- the amount involved and the results obtained;

- the time limitations imposed by the client or by the circumstances;

- the nature and length of the professional relationship with the client;

- the experience, reputation, and ability of the lawyer or lawyers performing the services; and

- whether the fee is fixed or contingent.[9]

10.     Examining these factors and the Supplemental Filings as those filings related to reasonableness of fees and alike, I note that this was a contract case of no novelty; that the litigation certainly prevented the attorneys from spending time on other remunerative work, a factor mitigated by the fact that the fee was not contingent; and that the hourly fee was reasonable. However, I am unable to assess the time spent on compensable matters because: (i) Optical Air failed to segregate non-compensable hours;[10] and (ii) both sides vigorously litigated the non-contract claims and the contract claims.

---

[8] *See Mahani v. Edix Media Grp., Inc.,* 935 A.2d 242, 245-46 (Del. 2007); *see also Brace Indus. Contracting, Inc. v. Peterson Enters., Inc.*, 2019 WL 177500, at *2 (Del. Ch. Jan. 11, 2019).

[9] Del. Lawyers' Rules of Prof. Conduct 1.5(a).

[10] The ability to segregate time, while difficult, is not impossible. Attorneys in bankruptcy cases routinely open different matters in the overall case to track time by task (disclosure statement, labor matters, executory contracts, etc.). The fee petitions then seek compensation by task.

11. Optical Air vigorously pursued non-contract claims and sought damages in excess of the contractual cap on damages. L-3 pressed both contractual and tort counterclaims against Optical Air. The Decision tried to make it clear that this was a contract case between two sophisticated parties and not a fraud or other type of tort action. An award of $1,528,547 in attorneys' fees or even $1,449,516.48 seems excessive for the results obtained.

12. For all the reasons set out in the Decision, the Court holds that Optical Air is the reasonably prevailing party on all contractual claims. Many of the tort claims were handled prior to trial so work shifted from prosecuting tort claims and contractual claims to mostly contract claims. The Court, exercising its discretion based on its involvement in the entire case, holds that Optical Air is entitled to 66% of its attorneys' fees and expenses prior to the Decision and 100% of its attorneys' fee and expenses after the Decision. The Court holds that Optical Air is entitled to 66% of $1,528,547 in attorneys' fees or $1,008,841.02. Optical Air is entitled to $23,267.50 in attorneys' fees since the Decision.

13. The Court notes that Optical Air made no effort to break down expenses or costs in the litigation. The Court does not believe that Optical Air should forfeit recovery of the expenses because it did not segregate the expenses between those incurred on contract claims and those for tort claims. The Court, therefore, will apply the same 66% methodology. Optical Air is entitled to 66% of $466, 958.11 or $308,192.36.

14. The judgment amount is: (i) $2,579,500 in damages; (ii) $1,032,108.52 in attorneys' fees; and (iii) $308,192.36 in expenses. Prejudgment interest is appropriate.[11] In a breach of contract case, the interest will be computed from the date of breach (here January 15, 2017 when the milestone payment was due).[12] Because Optical Air's damages flow from legal

[11] *See, e.g., Getty Oil Co., Inc. v. Catalytic, Inc.,* 509 A.2d 1123, 1124 (Del. Super. 1986).
[12] *See, e.g., Citadel Hld'g Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992).

and not equitable claims, the Court will award simple and not compound interest under 6 Del. C.

§ 2301.[13]

      **IT IS SO ORDERED**.

February 8, 2021
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[13] *American Gen. Corp. v. Continental Airlines Corp.*, 622 A.2d 1, 14 (Del. Ch. 1992).