**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: July 20, 2023
Date Decided: October 31, 2023

Peter B. Ladig, Esquire
Sarah T. Andrade, Esquire
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware 19801

Barry M. Klayman, Esquire
Kaan Ekiner, Esquire
Cozen O'Connor P.C.
1201 N. Market Street, Suite 1001
Wilmington, Delaware 19801

RE: *Avgiris Brothers, LLC v. Theodoros Bouikidis, et al.*
C.A. No. 2021-0741-LWW

Dear Counsel:

I write regarding plaintiff Avgiris Brothers, LLC's Motion for Attorneys' Fees and Expenses.[1] For the reasons explained below, the motion is denied without prejudice.

## I. BACKGROUND

This case involves two sets of brothers who ran a fast casual Greek restaurant in Philadelphia. The brothers formed nominal defendant A-B Brothers, LLC to own and operate the restaurant and adopted the A-B Brothers Limited Liability Company Agreement (the "LLC Agreement") to govern the entity. The LLC Agreement initially provided that Avgiris Brothers held a 65% membership

---

[1] Pl.'s Mot. for Att'ys' Fees and Expenses (Dkt. 114) ("Pl.'s Mot.").

interest, with defendants Theodoros and Savvas Bouikidis jointly holding the remaining 35% interest.[2]

Because the defendants' financial contribution fell short of equating to a 35% interest in the entity, Avgiris Brothers loaned the defendants the difference.[3] The loan was secured by a promissory note and a Pledge Agreement.[4] In the Pledge Agreement, the Bouikidis brothers pledged their interest in A-B Brothers to secure their obligations under the note.[5]

The parties' relationship deteriorated. In June 2020, Avgiris Brothers acted pursuant to the Pledge Agreement to seize most of the defendants' membership interests in A-B Brothers after the defendants defaulted on the note.[6] In response, the defendants filed suit in Pennsylvania state court for, among other things, a declaration of no default on the note and replevin of their membership interests.[7]

---

[2] *Avgiris Bros., LLC v. Bouikidis*, 2022 WL 4672075, at *2 (Del. Ch. Sept. 30, 2022) ("Mem. Op."). Undefined capitalized terms have the meanings given in the Memorandum Opinion.

[3] *Id.* at *3.

[4] *Id.*

[5] *Id.*

[6] *Id.* at *5.

[7] *Id.*

On March 22, 2021, Avgiris Brothers—as the holder of a majority of the outstanding interests in A-B Brothers—removed the defendants as managers of A-B Brothers.[8]  Avgiris Brothers then filed counterclaims in the Pennsylvania action, including a request for declaratory relief confirming the defendants' removals.[9]  In July 2021, Avgiris Brothers moved to withdraw the counterclaims and in November, the Pennsylvania court dismissed them.[10]

Avgiris Brothers commenced litigation in this court on August 21, 2021.  It filed a complaint advancing one count under 6 *Del. C.* § 18-110.  Avgiris Brothers averred that because it owned a majority of the outstanding membership interests of A-B Brothers, it had the right under the LLC Agreement to remove the defendants as managers.[11]  It sought a corresponding declaration.[12]  A two-day trial was held in January 2022.

On September 30, 2022, I issued a post-trial memorandum opinion.[13] I found that the defendants were properly removed as managers of A-B Brothers by written consent.  I explained that "pursuant to the terms of the LLC Agreement,

---

[8] *Id.*

[9] *Id.*

[10] *Id.* at *5-6.

[11] Verified Compl. (Dkt. 1) ("Compl.") ¶¶ 25-28.

[12] *Id.*; Mem. Op. at *6.  The plaintiff also sought ancillary relief that was denied. *See infra* note 15 and accompanying text.

[13] Dkt. 109.

Avgiris Brothers owns a majority of the membership interests of A-B Brothers and validly removed the defendants as [m]anagers."[14]  I rejected the plaintiff's request for an order requiring the defendants to return A-B Brothers' property as outside the scope of this Section 18-110 proceeding.[15]

The plaintiff's motion for an award of attorneys' fees followed.[16]  After the defendants submitted an opposition to the motion and the plaintiff replied, I held oral argument.[17]  During the hearing, I questioned whether I had jurisdiction over the defendants to order them to pay the plaintiff's fees.  As discussed below, I conclude that I do not.

## II.  ANALYSIS

"Under the American Rule, litigants are expected to bear their own costs of litigation absent some special circumstances that warrant a shifting of attorneys' fees."[18]  There are exceptions.  For one, "[a] fee-shifting provision in an enforceable contract provides a clear exception to the default American Rule."[19]

---

[14] Mem. Op. at *6.

[15] *Id.* at *16.

[16] *See* Dkt. 114

[17] *See* Dkts. 119, 121, 126.

[18] *Beck v. Atlantic Coast PLC*, 868 A.2d 840, 850 (Del. Ch. 2005).

[19] *Manti Hldgs, LLC v. Authentix Acq. Co., Inc.*, 2020 WL 4596838, at *4 (Del. Ch. Aug. 11, 2020).

An applicable provision allows "a trial judge [to] award the prevailing party all the costs it incurred during litigation."[20]

The plaintiff invokes this exception to the American Rule. It seeks fees and expenses pursuant to Section XII.16 of the LLC Agreement, which states:

> In the event that any party hereto institutes any legal suit, action or proceeding, including arbitration, against another party in respect of a matter arising out of or relating to th[e] [LLC] Agreement, the prevailing party in the suit, action or proceeding shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by such party in conducting the suit, action or proceeding, including reasonable attorneys' fees and expenses and court costs.[21]

In the plaintiff's view, the provision applies because it prevailed in litigation "arising out of" or "relating to" the LLC Agreement.[22]

In opposing the motion, the defendants do not meaningfully dispute that this action relates to the LLC Agreement.[23] Rather, they argue that this court lacks

---

[20] *Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1218 (Del. 2013) (quoting *Mahani v. EDIX Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007)).

[21] Pl.'s Mot. Ex. A.

[22] Pl.'s Mot. 7-8. The plaintiff does not seek fees under the bad faith exception to the American Rule or because it conferred a benefit on A-B Brothers. *See generally CCSB Fin. Corp. v. Totta*, 2023 WL 4628822, at *14 (Del. July 19, 2023) (observing the "general rule that, in a Section 225 action, the benefit is typically to the individuals seeking to confirm their board seats and fees and expenses should ordinarily not be awarded" (citing *Keyser v. Curtis*, 2012 WL 3115453, at *19 (Del. Ch. July 31, 2012), *aff'd sub nom. Poliak v. Keyser*, 65 A.3d 617 (Del. 2013))).

[23] The defendants contend that "[w]hile seeking an award of attorneys' fees and costs, Plaintiff did not claim a contractual right to or any other basis" to do so. Defs.' Response

jurisdiction to require them to pay fees, that the plaintiff waived its ability to seek fees, that neither party prevailed, and that the fees sought are unreasonable.[24] Because the jurisdictional argument has merit, my analysis is limited to that threshold issue.

The present litigation is brought solely under 6 *Del. C.* § 18-110. The statute grants the court *in rem* jurisdiction to determine "who validly holds office as a manager of a Delaware limited liability company."[25] The only party before the court individually in a Section 18-110 proceeding is the nominal defendant entity, "which embodies the 'res.'"[26]

The plaintiff's application for contractual fee shifting is an *in personam* matter ancillary to its Section 18-110 claim.[27] The request, if successful, would

---

in Opp'n to Pl.'s Mot. for Att'ys' Fees (Dkt. 119) ("Defs.' Opp'n") 3; *see also* Mem. Op. at *9-16 (describing and interpreting obligations arising out of the LLC Agreement); Compl. ¶ 26 (seeking declarations as to rights arising from Section 7.3(a) and 4.7 of the LLC Agreement); Corrected Defs.' Answering Pre-trial Br. (Dkt. 74) 29-30 (arguing about the effect of the LLC Agreement on alleged reallocations of membership interests).

[24] Defs.' Opp'n 1, 5-6.

[25] *Feeley v. NHAOCG, LLC*, 2012 WL 966944, at *5 (Del. Ch. Mar. 20, 2012). The plaintiff asserts that this is a "quasi *in rem* action." Pl. Avgiris Brothers, LLC's Reply in Further Supp. of Mot. for Att'ys' Fees and Expenses (Dkt. 121) 2. It cites no authority supporting this characterization.

[26] *Genger v. TR Invs.*, 26 A.3d 180, 200 (Del. 2011).

[27] *See* Mem. Op. at *13-14 (explaining that the court should not consider matters collateral to the identity of the LLC's manager); *see also In re Dissolution of Doehler Dry Ingredients Sol'ns, LLC*, 2022 WL 4281841, at *4 (Del. Ch. Sept. 15, 2022)

involve an order requiring the defendants to make a payment to the plaintiff. But the defendants are not before the court individually. They are only "invited to litigate their claims to the *res* (here, the disputed corporate office)."[28] Without *in personam* jurisdiction, I cannot bind the "individuals or entities beyond the *res*."[29]

Accordingly, I cannot resolve the plaintiff's fee request.[30] The plaintiff invokes a contract right outside the jurisdictional limitations of this matter. The

---

(describing a breach of contractual claim as classically *in personam*), *aff'd*, 294 A.3d 64 (Del. 2023).

[28] *Genger,* 26 A.3d at 200; *see also Feely*, 2012 WL 966944, at *5 ("The defendants in such a proceeding appear before the Court 'not individually, but rather, as respondents being invited to litigate their claims to the *res* (here, the disputed corporate office) or forever be barred from doing so.'" (citation omitted)).

[29] *Lynch v. Gonzalez Gonzalez*, 2020 WL 3422399, at *5 (Del. Ch. June 22, 2020).

[30] *See id.* at *7-9 (declining to amend a status quo order in a Section 18-110 action to address a property sale where the property was outside the *res* before the court and the court lacked *in personam* jurisdiction over the party to be bound). My research indicates that the Court of Chancery has previously awarded fees in Section 18-110 actions under prevailing party provisions in LLC agreements. *See 2009 Caiola Fam. Tr. v. PWA, LLC*, 2015 WL 6007596, at *12, *33 (Del. Ch. Oct. 14, 2015) (concluding in an action under Sections 18-110 and 18-111 that an LLC agreement "provide[d] for fee-shifting in favor of the prevailing party in any action over its provisions" and awarding fees to the plaintiff); *see also Roccia v. Mugica*, 2020 WL 7765340, at *8 (Del. Ch. Dec. 29, 2020) (awarding fees in a Section 18-110 action based on a contractual fee shifting provision in an LLC agreement); *Pullman Sugar, LLC v. Kenneth Valdivia*, C.A. No. 2018-0431-SG, at 27-31 (Del. Ch. Mar. 7, 2019) (TRANSCRIPT) (awarding fees in a Section 18-110 action to "determine who were the managers of the LLC" based on a prevailing party provision in an LLC agreement). None of the defendants in these matters challenged the court's jurisdiction over them. *See Macklowe v. Planet Hollywood, Inc.*, 1994 WL 560804, at *3 (Del. Ch. Oct. 13, 1994) ("Personal jurisdiction is a waivable right.") (citation omitted).

plaintiff's application "must be raised in a [separate] plenary action" where the court has *in personam* jurisdiction over the defendants.[31]

## III.  CONCLUSION

The motion is denied without prejudice.  The plaintiff may pursue relief from the defendants under Section XII.16 of the LLC Agreement in an appropriate proceeding.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[31] *Genger*, 26 A.3d at 199 (quoting *Agranoff v. Miller*, 1999 WL 219650, at *17 (Del. Ch. Apr. 12, 1999), *aff'd*, 737 A.2d 530 (Del. 1999) (TABLE)).