**SUPERIOR COURT OF THE**
**STATE OF DELAWARE**

SHELDON K. RENNIE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801

Date Submitted: September 30, 2025
Date Decided: October 7, 2025

Jennifer C. Wasson, Esquire
Ryan D. Kingshill, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
Wilmington, Delaware 19801
*Attorneys for Plaintiff The Cigna Group.*

Marc S. Casarino, Esquire
Karine Sarkisian, Esquire
KENNEDYS CMK LLP
222 Delaware Ave., Ste 710
Wilmington, Delaware 19801
*Attorneys for Defendants Ironshore Specialty Insurance Company and Ironshore Indemnity, Inc.*

RE: *The Cigna Group v. XL Specialty Insurance Company, et al.*
C.A. No. N23C-03-009 SKR CCLD
Defendants Ironshore Specialty Insurance Company and Ironshore Indemnity Inc.'s Notice of Exception to the Order Awarding Fees

Dear Counsel:

This letter decision resolves Defendants', Ironshore Specialty Insurance Company and Ironshore Indemnity Inc. (collectively "Ironshore"), Notice of Exception to the Order Awarding Fees (the "Exception"). For the reasons explained below, the Exception is **DENIED.**

## I. INTRODUCTION

The parties' underlying dispute concerns whether Plaintiff, The Cigna Group ("Cigna"), is entitled to coverage from Defendants XL Specialty Insurance Company ("XL"), and Ironshore for expenses incurred in defending a Civil Investigative

Demand ("CID") issued by the United States Department of Justice ("U.S. DOJ").[1]

Phase 1 centers on whether the initial 2016 CID is a "Claim" under Cigna's 2016-17 managed care errors and omission policy.[2]

On August 14, 2024, Cigna filed its Second Motion to Compel (the "Motion").[3] The Motion sought: (1) documents responsive to Cigna's first and second production requests, with accompanying privilege log; (2) Ironshore's claims and underwriting manuals in compliance with a March 14, 2024 Court order; (3) a supplemental response to Cigna's fourteenth integratory; and (4) Ironshore's answer to Cigna's Amended Complaint.[4] Cigna filed the Motion because Ironshore did not meaningfully respond to a demand letter seeking identical discovery, "[a]fter Ironshore's months-long failure to comply with Cigna's discovery served November 2023[.]"[5] On August 21, 2024, Ironshore produced some of the requested documents and filed an Answer to Cigna's Amended Complaint.[6] On August 29, 2024, the

---

[1] *See generally* Amended Complaint (hereafter "Compl.") (D.I. 117).
[2] *See id.* ¶¶ 1-2.
[3] *See* Defendants Ironshore Specialty Insurance Company and Ironshore Indemnity Inc.'s Opening Brief in Support of Their Notice of Exception to the Order Awarding Fees (hereafter "Br."), Ex. C (hereafter "Mot.") (D.I. 418-419).
[4] *See* Mot. at 1-2.
[5] Plaintiff's Answering Brief in Opposition to Defendants Ironshore Specialty Insurance Company and Ironshore Indemnity Inc.'s Opening Brief in Support of Their Notice of Exception to the Order Awarding Fees (hereafter "Opp'n Br.") at 1 (D.I. 423); *see* Br., Ex. B (Cigna's July 2024 demand letter seeking the discovery later requested in the Motion); Opp'n Br., Ex. V (Ironshore's response to Cigna's discovery demand letter).
[6] *See* Opp'n Br., Ex. W; Defendants Ironshore Specialty Insurance Company and Ironshore Indemnity Inc.'s Answer to Plaintiff's Amended Complaint (D.I. 152).

Court held oral argument, granted the Motion, and awarded Cigna "reasonable fees and costs incurred in bringing the . . . Motion[.]"[7]

Cigna filed a petition seeking $81,985.70 in fees.[8] Specifically, Cigna sought: (1) $36,797 in fees incurred in July 2024 "to engage Ironshore in meet/confers and to respond to outstanding discovery and answer deadline issues that became the subject of the Motion"; (2) $45,288.50 in August 2024 fees related to "preparation of the Motion and . . . oral argument"; and (3) $70.20 in e-filing fees.[9] While Cigna submitted affidavits supporting its fee request, it did not provide itemized entries describing the work done or the billing attorney's hourly rate.[10]

From the outset, Ironshore opposed Cigna's fee request.[11] In accordance with this Court's previous order,[12] SDM Newell determined the reasonableness of Cigna's

---

[7] Br., Ex. F.
[8] Br., Ex. G (hereafter "Fee Request").
[9] *Id. See also* Br., Ex. L (Ironshore's objections to various components of Cigna's requested fees).
[10] *See* Fee Request. Cigna's hesitancy to disclose an itemized billing log as the subject of dispute between parties before Special Discovery Magistrate ("SDM") Newell. *See* Br., Ex. N (hereafter "Decision") at 3-6. Resolution of that dispute revealed Cigna's requested fees "correspond to a toral of ███████ billed by Cigna's Delaware counsel (with ████████████ being billed in July 2024 [$1,788 in fees] and ████████ being billing in August 2024 [$11,513 in fees]) and a total of ████████ billed by Cigna's [out-of-state] counsel (with ████████████ being billed in July 2024 [$34,839 in fees] and ████████ being billed in August 2024 [$33,775.50 in fees])." Decision at 7. This corresponds to ████████████████████████████ for Cigna's Delaware counsel and ████████ for Cigna's non-Delaware counsel. While Ironshore does "not dispute the rates billed," it suggests ████████████████████████████████ ████████ Br. at 6. The Court finds nothing unreasonable about the rates Cigna counsel charged, particularly since the Court of Chancery previously held that a $1,645 hourly rate was reasonable. *Roma Landmark Theaters, LLC v. Cohen Exhibition Co. LLC*, 2021 WL 5174088, at *5-6 (Del. Ch. Nov. 8, 2021).
[11] *See, e.g.*, Br., Exs. H, L.
[12] Br., Ex. A.

fee request – considering extensive briefing,[13] evidence,[14] and oral argument.[15]  On June 23, 2025, SDM Newell issued his final report, finding Cigna's fee request reasonable and awarding the full $81,985.70 requested (the "Decision").[16]

On July 8, 2025, Ironshore filed the Exception currently before the Court— objecting to the Decision's finding that Cigna's requested fees were reasonably incurred in bringing the Motion.[17]  A week later Cigna filed a brief opposing the Exception – maintaining that its requested fees are reasonable.[18]  On September 30, 2025, the Court heard oral argument with regard to the Exception.  Following oral argument, the Court conducted an *in camera* review of the invoices that form the basis of Cigna's requested fees.

## II.    THE PARTIES' ARGUMENTS

Ironshore argues that Cigna "does not seek *reasonable* fees incurred in *bringing* the Motion [because] it seeks approximately $82,000 for discrete and non-complex tasks."[19] Ironshore insists that the SDM's Decision did not consider:

> (1) the disproportionality of the fees sought to what was actually involved in the Motion; (2) that some fees were seemingly unrelated to the Motion, such as fees for a letter regarding default judgment that was never sent, nor addressed, in the Motion; (3) the complexity of issues or time involved in other cases where similar fees were awarded; and

---

[13] *See* Br., Exs. G-H, L-M.
[14] *See* Br., Exs. J-L.
[15] *See* Br., Ex. I.
[16] Decision.
[17] *See generally* Br.
[18] *See generally* Opp'n Br.
[19] Br. at 2 (emphasis in original).

(4) that there were no time constraints, nor was the amount in controversy and result obtained of significant economic value.[20]

Ironshore also argues that the reasonableness factors articulated in DLRPC 1.5(a) evidence that Cigna's requested fees are not reasonable.[21]

Cigna maintains that the Decision correctly found the requested fee reasonable.[22] Cigna rejects Ironshore's contrary arguments,[23] insisting: (1) its requested fees "are proportionate to Ironshore's recalcitrance";[24] (2) its oral argument preparation is compensable;[25] (3) caselaw supports finding reasonableness;[26] and (4) the DLRPC 1.5(a) factors show that the requested fees are reasonable.[27] The Court has conducted a review of the SDM's decision and the invoices for the fees at issue and agrees that Cigna's requested fees are reasonable.

---

[20] *Id.*

[21] Br. at 4-7 (citing *Owen v. Tavistock Civic Ass'n, Inc.*, 2019 WL 1349656, at *4 n.21 (Del. Ch. Mar. 26, 2019), *aff'd*, 223 A.3d 436 (Del. 2019) (holding courts assess the reasonableness of attorneys' fees based on the factors laid out in Delaware Professional Conduct Rule 1.5(a))).

[22] Opp'n Br. at 1.

[23] *Id.* at 3-5.

[24] *Id.* at 3 (noting "[a]s SDM Newell recognized . . . Delaware authorities support[] that 'compensable efforts can include fees incurred in connection with discovery deficiencies . . . and meet and confers.'" (quoting Decision at 29-30)).

[25] *Id.* at 3-4.

[26] *Id.* at 4 (citing *Deane v. Maginn*, 2022 WL 16825351 (Del. Ch. Nov. 7, 2022); *BAM, Int'l, LLC v. MSBA Grp. Inc.*, 2024 WL 1674419 (Del. Ch. Apr. 18, 2024)). Specifically, Cigna argues that both *Deane* and *BAM* support the reasonableness of its requested fees – "both . . . awarded similar fees, even though neither prevailing party needed to repeatedly chase a party completely ignoring its discovery obligations." *Id.*

[27] *Id.* at 4-5.

## III. STANDARD OF REVIEW

Under the Court's Order of Reference to Special Magistrate, "[r]eview of any order of the Special Magistrate shall be *de novo* on the record unless otherwise provided by the Court's rules or by statute."[28]

Courts have "broad discretion in determining the amount of fees and expenses to award."[29] To assess the reasonableness of requested fees, courts "looks to Rule 1.5(a) of the Delaware Lawyers' Rules of Profession Conduct."[30] When evaluating these factors courts "consider 'whether the number of hours devoted to litigation was excessive, redundant, duplicative or otherwise unnecessary.'"[31] Notably, "[d]etermining reasonableness . . . does not require the Court to assess independently whether counsel appropriately pursued and charged for a particular motion, line of argument, area of discovery, or other litigation tactic."[32] Rather, "[t]he party seeking

---

[28] Br., Ex. A.

[29] *Black v. Staffieri*, 2014 WL 814122, at *4 (Del. Feb. 27, 2014) (TABLE) (citation omitted).

[30] *Deane*, 2022 WL 16825351, at *3; *see Greenstar IH Rep., LLC v. TutorPerini Corp.*, 2019 WL 6884752, at *2 (Del. Ch. Dec. 4, 2019) ("evaluate the reasonableness of fees [by] looking to, among other factors, the time and labor required, the novelty and difficulty of the questions involved, the skill required to perform the legal services, the fee customarily charged in the locality for similar legal services, the nature and length of the professional relationship with the client and the experience, reputation and ability of the lawyer or lawyers performing the services.").

[31] *Bellmoff v. Integra Services Technologies, Inc.*, 2018 WL 3097215, at *2 (Del. Super. June 22, 2018) (quoting *Mahani v. Edix Media Grp., Inc.,* 935 A.2d 242, 247-48 (Del. 2007) (citation omitted)).

[32] *Danenberg v. Fitracks, Inc.,* 58 A.3d 991, 997 (Del. Ch. 2012); *see Arbitrum (Cayman Islands) Handels AG v. Johnston,* 1998 WL 155550, at *4 (Del. Ch. Mar. 30, 1998) ("[f]or a Court to second-guess, on a hindsight basis, an attorney's judgment . . . is hazardous and should whenever possible be avoided.").

fees carries its burden . . . by showing that 'the services . . . rendered [were] thought prudent and appropriate in the good faith professional judgment of competent counsel.'"[33]

## IV.   DISCUSSION

The DLRCP Section 1.5(a) factors show that Cigna's requested fees are reasonable. Ironshore "does not dispute that DLRPC 1.5(a)(2), (6), (7), and (8) are neutral[,]"[34] but insists the factors articulated in DLRPC 1.5(a)(1), (4), and (5) evidence that Cigna's requested fees are not reasonable.[35]  The Court addresses each disputed factor in turn.

### A. DLRPC 1.5(a)(1) Supports Finding Cigna's Requested Fees Reasonable.

DLRPC 1.5(a)(1) considers "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly[.]"[36]   Ironshore argues that Cigna's requested fees "are disproportionate to the non-complex nature of the Motion."[37]  Specifically, Ironshore contends: (1) "Cigna's 4.5 page deficiency letter . . . was not complex and did not

---

[33] *Danenberg,* 58 A.3d at 997 (quoting *Delphi Easter P'rs Ltd. P'ship v. Spectacular P'rs, Inc.,* 1993 WL 328079, at *9 (Del. Ch. Aug. 6, 1993)).
[34] Br. at 5.
[35] Br. at 4-7
[36] *Bellmoff,* 2018 WL 3097215, at *2 (citing DLRPC 1.5(a)(1).
[37] Br. at 3.

warrant ██████████████████ ";[38] (2) the "██████ billed by ████████ for a one-paragraph email . . . is unreasonable";[39] and (3) the Motion "did not warrant ██████ billed by ██████" because it "contained no substantive legal analysis" and recited previously written language.[40] Additionally, Ironshore that notes before oral argument on the Motion, it "produced documents, answered the Amended Complaint, and identified [that] a privilege log would be provided[,]" thereby limiting [the] remaining issues.[41] Hence, Ironshore maintains that oral argument "did not warrant ████ of preparation."[42]

At the outset, Ironshore's position "asks the Court to second-guess the judgment of [Cigna's] counsel, something the Court is loath to do."[43] Nevertheless, the Court performed a *de novo* review of the facts of the case and the invoices at issue. Reasonable minds may differ on the attorney staffing and time allocation needed to prepare the Motion. But the Court is reticent to find that, under the totality of the circumstances present here, the staffing and usage of time is unreasonable.

Further, the Court agrees with the Decision's finding that "Ironshore's conduct leading up to the Motion contributed to the amount of time Cigna had to expend in

---

[38] *Id.* at 3-4 ("[t]he [l]etter, largely copy and paste . . . addressed three issues – supplementing an interrogatory answer, two written responses to production requests, and making a document production." (citing Br., Exs. B, L)).
[39] *Id.* at 4 (emphasis omitted).
[40] *Id.* (citing Br., Exs. C, L).
[41] *Id.*
[42] *Id.*
[43] *Danenberg,* 58 A.3d at 1000.

8

'bringing' the Motion and thus support the reasonableness of that time."[44] Ironshore admittedly delayed document production and stalled compliance with its discovery obligations.[45] Ironshore's questionable discovery practices forced Cigna "to engage in considerable follow-up, meet/confers, and motion practice[.]"[46] Delaware courts have previously awarded heightened fees where a party's "continued discovery deficiencies" compelled the claimant to expend extra effort, such as meet and confers and sending deficiency letters.[47] Therefore, while "the questions posed by the Motion were not novel or especially complex," Ironshore's conduct expanded "the breadth of the Motion . . . making [Cigna's pursuit of discovery] a time-consuming and tedious exercise."[48] Under those circumstances, and given Ironshore's failure to adduce specific evidence to the contrary, DLRPC 1.5(a)(1) supports finding Cigna's requested fees reasonable.

Ironshore's document production and filings before oral argument on the Motion does not compel a contrary finding. While Ironshore's August 21, 2024, actions mooted certain aspects of the Motion,[49] it did so only a week before oral

---

[44] Decision at 23-24 (citing *Mahani,* 935 A.2d at 246-48).

[45] *Id.* (citing August 29, 2024 Tr. at 19:19-21:21).

[46] Opp'n Br. at 3.

[47] *BAM*, 2024 WL 1674419, at *1; *see Bellmoff*, 2018 WL 3097215, at *3 ("[n]o doubt, [claimant's] counsel had to spend time cleaning up [non-claimant's] thrown pizza: reviewing and responding to each of the affirmative defenses [non-claimant] chucked [into] the litigation.").

[48] *Deane*, 2022 WL 16825351, at *4.

[49] This includes mooting Cigna's contemplated Motion for Default Judgment, because Ironshore answered Cigna's Amended Complaint. *See* Br., Ex. C at 10-11 (requesting entry of default judgment if Ironshore did not answer the Amended Complaint).

argument. These last-minute disclosures "forced [Cigna] . . . to reformulate their . . . strategy . . . days before" oral argument.[50] Hence, the Court concludes the fee request for ███████ of expedited oral argument preparation is reasonable.

## B. DLRPC 1.5(a)(4) Supports Finding Cigna's Requested Fees Reasonable.

DLRPC 1.5(a)(4) examines "the amount involved and the results obtained[.]"[51] Ironshore contends "[t]here was no monetary value at issue for [the Motion,]" rather "[t]he result obtained was production of limited discovery."[52] Cigna points out: (1) the Motion had serious economic consequences; and (2) it "fully prevailed on its Motion."[53]

It is undisputed that Cigna prevailed on the Motion. Although it did not result in a monetary award, the Court finds Ironshore's suggestion that the Motion had no economic consequences to be unavailing. As Cigna points out, the Motion "sought to compel information . . . including Ironshore's articulation of defenses, manuals addressing disputed policy provisions, an answer to Cigna's complaint, and production of relevant documents."[54] It is axiomatic that an insurer's answer, affirmative defenses, and documents implicating the meaning of policy terms can

---

[50] *Charbonneau v. State*, 904 A.2d 295, 310 (Del. 2006).
[51] *Bellmoff*, 2018 WL 3097215, at *2 (citing DLRPC 1.5(a)(4)).
[52] Br. at 6.
[53] Opp'n Br. at 5 ("[t]his litigation implicates nearly ███████ across two phases; Ironshore [allegedly] owes ██████.").
[54] Opp'n Br. at 5.

impact liability in a coverage dispute.[55]  The Motion implicated key facts relevant to determining whether Cigna can recover ███████ from Ironshore in Phase I. Therefore, the Court holds that DLRPC 1.5(a)(4) supports finding Cigna's requested fees reasonable.

## C. DLRPC 1.5(a)(5) Supports Finding Cigna's Requested Fees Reasonable.

DLRPC 1.5(a)(5) looks at "the time limitations imposed by the client or by the circumstances[.]"[56]  Ironshore maintains that preparation of the Motion was not subject to any unusual time constraints "especially as a new case management order had just extended discovery to accommodate the new parties involved[.]"[57]  That argument fails for two reasons.  First, the Court already held that Ironshore's last-minute filings a week before oral argument on the Motion imposed time-pressure on Cigna.[58]  Second, the Exception "ignores that the CMO only extended deadlines for

---

[55] *See* Del. Super. Ct. Civ. R. 12(c) (permitting a court to resolve a case and determine liability based on the facts alleged in a complaint and answer); *American Family Mortg. Corp. v. Acierno*, 1994 WL 144591, at *2 (Del. 1994) (TABLE) ("[a]n affirmative defense is a matter asserted by the defendant in a pleading which, assuming the complaint to be true, constitutes a defense to it."); *Hoechst Celanese Corp. v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 623 A.2d 1099, 1107 (Del. Super. 1991) (finding "[c]laims and underwriting documents, including manuals, guidelines, and other interpretive documents . . . are relevant and discoverable" because they "may provide evidence as to how the defendants understood and intended to apply the . . . insurance policy language which they drafted or adopted. In addition, these documents may well lead to the discovery of evidence admissible at trial as to . . . course of dealing, course of performance, and other industry trade practice in connection with the . . . insurance policies, which may be relevant to the mutual understanding of the parties as to the particular policies at issue.").

[56] *Bellmoff*, 2018 WL 3097215, at *2 (citing DLRPC 1.5(a)(5)).

[57] Br. at 7.

[58] *See supra* IV.A.

newly-added parties" and thus did not impact Ironshore.[59]  Therefore, Ironshore has not shown that DLRPC 1.5(a)(5) supports granting the exception.

Because the DLRPC 1.5(a) factors are either neutral or support finding Cigna's requested fees reasonable, the Court **DENIES** Ironshore's Exception. Accordingly, Cigna is entitled to $81,985.70 in fees.

## V.   CONCLUSION

For the reasons discussed, Ironshore's Exception is **DENIED**.

**IT IS SO ORDERED THIS 7th DAY OF OCTOBER 2025.**

_____
**Sheldon K. Rennie, Judge**

---

[59] Opp'n Br. at 5 (citing Opp'n Br., Ex. Z) (emphasis omitted).

12